LOUIS MOHREN

VS

NEW ORLEANS BREWING CO.

NO. 8962

COURT OF APPEAL

PARISH OF ORLEANS

- - - - -

* * *

WILLIAM A. BELL, JUDGE.

* * *

APRIL 2, 1923.

Court of Appeal

401

By WILLIAM A. BELL, Judge.

To plaintiff's petition for compensation under Employers' Liability Act, defendant has filed the following exceptions:

"Now into court, through undersigned counsel, comes the defendant, and excepts to plaintiff's petition, in that the same is vague and indefinite and sets forth no legal cause of action.
"Wherefore, defendant prays for the dismissal of plaintiff's suit at his costs and for all general and equitable relief.

"(Signed) Edward Righter,
Attorney for defendant."

Plaintiff has appealed from a judgment of the trial court reading as follows:

"It is ordered that the exception of no cause of action filed by defendant, on October 15, 1917, be maintained, and, accordingly, the suit of the plaintiff, Louis Mohren, against the defendant and exceptor, be and the same is hereby dismissed, at his costs.
"Judgment read and rendered in open Court June 20, 1921.
"Judgment signed in open Court June 24, 1921.

"(Signed) H. C. Cage,
Judge."

There is nothing in the language above quoted to enlighten us as to reasons for judgment. In argument and brief counsel for defendant and appellee urges confirmation by this court of the above decree upon the sole contention that the exception of no cause of action filed by defendant is based upon the failure of plaintiff to charge in his petition, either directly or indirectly, that the alleged injuries were caused by any accident arising out of and in the course of employment. The case of Arthurs v. Alexandria Lumber Co., Ltd., 143 La., 207, is cited in support of this contention.

Assuming that the exception of no cause of action was argued before and maintained by the trial court solely upon the point above cited, we pass to the consideration of its application to the instant case.

Plaintiff's petition sets forth, among other averments, the following:

" I.--That on June 28, 1916, and for many years previous, he was in the employ of the New Orleans Brewing Company, of New Orleans, as a driver, at a wage of $22.00 per week.

" II.-That on that day the team and wagon driven by petitioner was run into by a street car in this city, and petitioner was thrown out and received injuries which produced permanent total disability to do work of any character." --

There is nothing from the above allegations nor from any other portions of plaintiff's petition, as we read it, which would show directly or indirectly, that the injuries suffered by plaintiff were those caused from an accident arising out of and in the course of employment, within the provisions of Section 1, Par. 2, and Section 2 of Act 20 of 1914. In Arthurs v. Alexandria Lumber Co., Ltd., (143 La., 207), similar averments were declared sacramental by the Supreme Court, the said court affirming the lower court in maintaining exceptions similar to those now raised in the instant case. In the above-cited case the court said:

"Plaintiff sues in damages for the death of her husband, which she alleges occurred while he was in the employ of the defendant company. She does not allege that it was 'by accident arising out of and in the course of such employment;' and because of the absence of this allegation the defendant contends, very properly, that her petition shows no cause of action under the Employers' Liability Act, * * * The plaintiff's husband having received the injury by reason of his having been in the building at the moment of the flash of lightning, the cause of action of plaintiff depends altogether upon whether the defendant was responsible for his having been there at that moment. * * * Very true the petition says that the deceased was in the employ of defendant, but this is not equivalent to saying that his employment necessitated his presence in this building."

The above authority and the reasoning upon which it is based might very properly apply to the case now before us. However, counsel for plaintiff and appellant herein, urges us to follow the more liberal and equitable course pursued by the Supreme Court in the case of Whittington v. Louisiana Saw-mill Company, 142 La., 327, in which case the court held:

> "The plaintiff's petition is lacking in several allegations essential for showing a cause of action under the Act; but we think that, in view of Paragraph 2 of Section 18, g: the court discretion to allow amendments 'at any stage of the proceeding' and of paragraph 4 of the same section, emancipating cases under the Act from the 'technical or formal rules of procedure,' and in view of the newness of the practice under this Act, plaintiff should be allowed to amend. However, the request for being allowed to amend not having been made in the lower court, but in this court for the first time, the cost of the appeal must fall upon plaintiffs."

The same ruling was held in the case of Pierre v. Barringer, 149 La., 71, the syllabus reading as follows:

> "Under the Employers' Liability Act, as amended by Act 234 of 1920, providing that an answer shall be filed to the complaint, and that the Judge shall not be bound by the usual rules of evidence or by any formal rules of procedure other than as provided in the act, AN EXCEPTION OF NO CAUSE OR RIGHT OF ACTION SHOULD BE OVERRULED, THOUGH THE PETITION IS CARELESSLY DRAWN AND DOES NOT TECHNICALLY EMBRACE A CAUSE OF ACTION; ITS GENERAL PURPORT SHOWING IT TO BE A SUIT FOR COMPENSATION FOR AN ACCIDENT."

After examination and analysis of first & second the above-cited cases, decided within a year of each other, and in each instance having as the organ of the court our esteemed and recently retired chief justice, we hesitate to conclude that the court, in its later decision, could have intended in any manner to reverse or qualify its ruling in the earlier case of Whittington v. Louisiana Saw-mill Company.

It does not appear that in the Arthurs case any motion was made to remand with leave to amend, as in the Whittington case and also as in the instant case. This fact probably explains the court's ruling in the Arthur case and its adherence to the harsh observance of procedure, against which the Employers Liability Act has particularly provided.

We think that in the instant case the ends of justice will be more certainly subserved by remanding this case to the district court with leave to plaintiff to amend.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby set

aside; and that this case is hereby remanded with leave to the plaintiff to amend his petition, the plaintiff to pay the cost of appeal.

CASE REMANDED WITH LEAVE TO    APRIL 2, 1923.
PLAINTIFF TO AMEND PETITION.