PROVOSTY, J.
The plaintiffs allege that in March, 1915, while their son was in the employ of the defendant company as a brakeman on its railroad he was killed through the negligence of the defendant company, and that for his death the defendant company owes them $20,000. At that date Act 20 of 1914, known as the Employers’ Liability Act, was in force, the title of which reads as follows:
“An act prescribing the liability of an employer to make compensation for injuries received by an employó in performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation in certain trades, business and occupations, abolishing in certain cases the defenses of assumption of risk, contributory negligence and negligence of a fellow servant in actions for personal injury and death, establishing a schedule of compensation, regulating procedure for the determination of liability and compensation thereunder and providing for methods for payments of compensations thereunder.”
An exception of no cause of action was sustained below, and the suit dismissed, on the grounds that the liability of defendant, if any there be, is under said act, and that the petition is lacking in proper averments for showing a cause of action under said act.
Plaintiffs contest the constitutionality of said act on the ground that its object is not expressed in its title.
The argument of the learned counsel for plaintiffs in support of that proposition, as contained in their brief, is as follows:
“The title says that it is an act prescribing the liability of an employer to pay his employes in certain instances. It nowhere indicates that it also provides, or prescribes the remedies and rights of employes, forcing them to accept the compensation by the act provided and no other. Yet the act makes such provision (section 34 *325 thereof). This is one of the most material provisions of the act, and the title in reference thereto is silent.
“There is nothing in the title to remotely suggest, or prescribe the remedies of the surviving parents for injuries, such as we have in this case before the court. Yet the act itself undertakes to make its provisions exclusive of any other right or remedy (section 34). In this respect at least the act is in hopeless conflict with article 2315 of Rev. C. 0., and virtually repeals said article 2315, as to this particular class of individuals. If the effect of the act is to repeal an already valid law of such long standing, it is of sufficient dignity and importance to mention its repeal in the title. This is true even if the repeal is by implication only.
“To read the title, and not to read the act, signifies that the statute, or act, is to force employers to pay to certain employes certain compensation, under defined conditions. Nowhere in the title is it even suggested that the act will take away the right of the employe to recover as heretofore, nor that it will take away the right of those who may be entitled to sue for the death of the employe, as in this case, thus again providing an exclusive remedy for those entitled to sue, and not referring, in its title, to so important and fai’-reaehing a change of the prior law (article 2315).”
[1] The title of the act expresses the intention of “prescribing the liability of an employer to make compensation for injuries received by an employe,” and of “regulating procedure for the determination” of such liability. Therefore the argument of counsel resolves itself into the proposition that the declaration of an intention to prescribe the liability of an employer, and to regulate the procedure for enforcing it, is not a declaration of an intention to prescribe the rights of those to whom (the employs himself or his parents) such liability is due, and to regulate the procedure for the enforcement of those rights—an argument which loses sight of the fact that the liability of the employer is the correlative of the rights of those to whom (the employé or his parents) the liability is due; and that the regulation of the one is, ipso facto, a regulation of the other. In the same way, our Civil Code, in most cases, does not regulate eo nomine anybody’s contractual rights, but only the obligations of those by whom the rights are owing; the rubric or title of the chapter being, not of conventional rights, but “of conventional obligations.” By the regulation of the obligations the corresponding rights are ipso facto regulated.
[2] Article 2315 of the Code which, in so far as bearing upon the liability of employers for injuries to employes, counsel, in their said argument, say the said act has repealed without having expressed the intention so to do, is the article which declares that “every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Said article is, no doubt, repealed in so far as inconsistent with this later legislation; and also, no doubt, the title of this later legislation contains no express reference to said article. But, as said in State v. Walters, 135 La. 1095, 66 South. 364, 373:
“It is not necessary that the title of an act shall express all of the consequences and effects that result from the adoption of the act.”
The question in this Walters Case was, as to whether the requirement that a statute express its object in its title, makes it necessary to indicate in the title of the statute that it will have the effect of repealing or modifying theretofore existing laws upon the same subject-matter. In favorem libertatis, and because of the wide attention which the case had received, and of the division of public opinion as to the guilt of the accused, the court gave in that case much more elaborate consideration to that question than it really deserved, for it has long been a closed one in jurispi-udence. 36 Cyc. 1031; 26 A. & E. E. of L. 720.
[3] The said Act 20 provides in its section 3, par. 3, that:
“Every contract of hiifing,” etc., “made subsequent to the time provided for [by] this act to take effect, shall be presumed to have been made subject to the provisions of this act, unless there be made as a part of said contract an express statement in writing not less than thirty days *327 prior to the accident, either in the contract itself or by written notice by either party to the other, that the provisions of this act other than sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby.”
Counsel for plaintiffs argue that, if so construed as to bring within its provisions injuries that have occurred within the 30 days after election made not to come under it, the act would be “in the face of the Adair Case.” What the Adair Case holds, or where it is to be found reported, counsel do not say; and this court does not deem it necessary to take the time to find out, since the plaintiffs’ petition does not allege that the injury to their son occurred within the 30 days after election not to come under the act, and hence plaintiffs have no standing for provoking an inquiry into the validity of the provision here in question.
[4, 5] The plaintiffs’ petition is lacking in several allegations essential for showing a cause of action under the act; but we think that, in view of paragraph 2 of section 18, granting the court discretion to allow amendments “at any stage of the proceedings,” and of paragraph 4 of same section, emancipating cases under the act from the “technical or formal rules of procedure,” and in view of the newness of the practice under this act, plaintiffs should be allowed to amend. However, the request for being allowed to amend not having been made in the lower court, but in this court for the first time, the costs of the appeal must fall upon plaintiffs.
The judgment appealed from is therefore affirmed in so far as it holds that the liability of the defendant company is under, and must be measured by, Act 20 of 1914 of the Legisl ature of Louisiana, and dismisses the shit of plaintiffs in so far as it seeks to hold the defendant company to a greater or different liability; and it is otherwise set aside, and the case is remanded, with leave to the plaintiffs to amend. The plaintiffs to pay the costs of this appeal.
LECHE, J., takes no part.
See dissenting opinion of MONROE, C. J., 76 South. 756.