(78 South. 469)

No. 22736.

ARTHUR v. ALEXANDRIA LUMBER CO., Limited.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ⬤⇒256(3)—EMPLOYERS' LIABILITY ACT—PETITION.

A widow's petition, for damages for death of her husband in service, which did not allege that the death was by accident arising out of and in the course of the employment, showed no cause of action under the Employers' Liability Act (Act No. 20 of 1914).

2. MASTER AND SERVANT ⬤⇒256(1)—DEATH OF SERVANT—PLEADING.

In a widow's suit for her husabnd's death in service when killed by an electric current, natural or generated, when he went into a frame building on the premises of defendant or was forced to take refuge therein from a rain, the petition, which did not explain why defendant was responsible for the husband's being in the building at the time, though stating that the husband was in defendant's employ, and that he had a right to be in the building, did not state a cause of action.

3. PLEADING ⬤⇒34(4) — CONSTRUCTION AGAINST PLEADER.

Pleadings are construed strictly against the pleader.

4. PLEADING ⬤⇒8(18)—CONCLUSION OF LAW.

In widow's suit for husband's death in service, the allegation of the petition that the husband had the right to be in the building where he was killed was a mere conclusion of law, which cannot be made to serve for the allegation of a fact necessary to be alleged.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

Suit by Frances Arthur against the Alex-

andria Lumber Company, Limited. From a judgment for defendant, plaintiff appeals. Affirmed.

Paul A. Sompayrac, of New Orleans, and R. H. McGimsey, of Alexandria, for appellant. Blackman, Overton & Dawkins, of Alexandria, for appellee.

PROVOSTY, J. [1] Plaintiff sues in damages for the death of her husband, which, she alleges, occurred while he was in the employ of the defendant company. She does not allege that it was "by accident arising out of and in the course of such employment"; and because of the absence of this allegation the defendant contends, very properly, that her petition shows no cause of action under the Employers' Liability Act. But defendant at the same time contends that the cause of action, if any plaintiff have, is under said act. By this we understand defendant to contend that plaintiff's petition shows a cause of action neither under said act nor under article 2315 of the Code.

The petition alleges:

That plaintiff's husband was a tram repairer at the sawmill of the defendant company, and that his death was caused by the negligence of the defendant company, as follows: That "he went into a frame building on the premises of the defendant, at its plant, or he was forced to take refuge therein from a rain. * * * That defendant had located near said frame building, an electric light pole, over which it had strung wires that attracted and transmitted electric currents, and had placed there, or on said pole, an electric switch that also attracted the electric currents.

"That while deceased was in said frame building, where he had a right to be, an electric current, generated by a power plant, or from a flash of lightning on or attracted to them by the aforesaid wires and switch leaked from said defective wires, switch or pole and darted into or was transmitted into the building, and struck petitioner's husband and killed him.

"That neither the electric wires, electric switch, nor pole was properly insulated, and they all leaked, and were unfit and not adequate for the dangerous purpose and use to which they were put, and particularly because of their location on the premises where petitioner and other persons were called and constantly passing."

That the defendant well knew of these conditions and of their danger to all persons called there or passing by.

[2, 3] The plaintiff's husband's having received the injury by reason of his having been in this building at the moment of the flash of lightning, the cause of action of plaintiff depends altogether upon whether the defendant was responsible for his having been there at that moment. If defendant was so responsible, the petition certainly does not explain why. It simply says that the deceased went into the building, or was forced to take refuge there from a rain. Pleadings are construed strictly against the pleader, for the reason that the pleader must be assumed to have stated his case as strongly as he could. We have to assume, therefore, that plaintiff has no reason to give why the defendant should be responsible for her husband's having been in this building at that moment.

Very true the petition says that the deceased was in the employ of defendant, but this is not equivalent to saying that his employment necessitated his presence in this building. Indeed, the allegation that he simply went in there, or took refuge there from a rain, would tend to exclude the idea of his having gone there by reason of his employment.

[4] True, also, there is the allegation that he had the right to be there. But this is a mere conclusion of law. The facts from which such right resulted, if at all, are not stated. The allegation of a conclusion of law cannot be made to serve for the allegation of a fact necessary to be alleged.

Judgment affirmed.