(95 South. 709)

No. 23630.

## GROS et al. v. MILLERS' INDEMNITY UNDERWRITERS.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⊕═388—**Child must be legally adopted to be considered as "child" under Workmen's Compensation Act; "children"; "adopted children."**

The Workmen's Compensation Act provides no method for adoption of children, and, in providing that the terms "child" and "children" shall include adopted children, refers to children legally adopted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child—Children.]

2. **Adoption** ⊕═1—**Requirements of laws must be strictly complied with.**

Adoption is a status created by special laws, the requirements of which must be strictly complied with under penalty of nullity of the proceedings.

3. **Master and servant** ⊕═401—**Petition under Workmen's Compensation Act by alleged dependent members of family held insufficient.**

In suit under Workmen's Compensation Act brought by alleged dependent members of deceased's family, petition not affirmatively showing nonexistence of persons entitled to priority of action under section 8, par. 2, subpar. (h), and not affirmatively showing plaintiffs were mentally and physically incapacitated within subparagraph (k), and not alleging that death was caused by accident arising out of and in course of employment, was insufficient.

4. **Master and servant** ⊕═401—**Exception maintained when essential allegations omitted.**

Where essential allegations are omitted from petition in suit under Workmen's Compensation Act, an exception of no cause of action will be maintained.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit under the Workmen's Compensation Act by Amy Gros, wife of Theodule Adams, and another, against the Millers' Indemnity Underwriters for compensation for death.

153 LA.—9

From a judgment dismissing the suit, plaintiffs appeal. Judgment set aside in part and affirmed in part.

Wm. H. Byrnes, Jr., of New Orleans, for appellants.

Eugene J. McGivney, of New Orleans, for appellee.

ROGERS, J. Plaintiffs appeal from a judgment maintaining exceptions of want of jurisdiction and of no cause of action.

The judgment in so far as it maintained the exception of want of jurisdiction was inadvertently rendered, as there was no such plea filed by the defendant.

On the exception of no cause of action, plaintiffs' suit was dismissed as in case of nonsuit.

Defendant has answered this appeal, directing the attention of this court to the error of the lower court in maintaining the exception to its jurisdiction, and praying for affirmance of the judgment in so far as it maintained the exception of no cause of action.

Plaintiffs are seeking compensation under the Employers' Liability Act (Act No. 20 of 1914, as amended by Act No. 38 of 1918). The deceased was their illegitimate grandson.

The petition alleges, substantially, that their said illegitimate grandchild was injured whilst in the employ of the Union Bridge & Construction Company, at Morgan City, La., and subsequently died from said injuries.

That the deceased was the duly acknowledged illegitimate child of their daughter Lydia Adams who, having been reared by them since his infancy, was their adopted child under the "meaning and spirit of the Compensation Act," and as dependents of said child they are entitled to the percentage of his weekly wages fixed by the statute.

In the alternative, should the court hold that the deceased was not their adopted child, petitioners aver they are entitled to the

lesser compensation provided for dependent members of the family of the deceased.

The Millers' Indemnity Underwriters, as the insurers of the Union Bridge & Construction Company under the Workmen's Compensation Law, is made the sole defendant upon the theory that the insurance policy constituted a direct contract with plaintiffs.

It is unnecessary to consider all of the grounds upon which defendant bases its exception of no cause of action.

[1, 2] The allegations of the petition are insufficient to support the claim that the deceased was the adopted child of the plaintiffs. The Workmen's Compensation Act does not, either in letter or spirit, provide a method for the adoption of children. It merely declares that the terms "child" or "children" shall include, among others, adopted children; that is to say, children who have been legally adopted. "Adoption" is a status created by special laws, the requirements of which must be strictly complied with under penalty of nullity of the proceedings. State ex. rel. Birch v. Baker, 147 La. 319, 84 South. 796; Walker v. Myers, 150 La. 986, 91 South. 427; Succession of Brand (No. 24632 of the docket of this court) 95 South. 603, ante, p. 195, recently decided.

[3, 4] Pretermitting the question of whether the deceased can be considered to have been a member of the family of petitioners, upon which we express no opinion, the petition does not affirmatively show the nonexistence of the other persons who, under the statute, are entitled to priority of action, excluding plaintiffs, section 8, par. 2, subpar. (h); nor does it affirmatively show that petitioners are mentally and physically incapacitated from earning a living, section 8, par. 2, subpar. (k); nor is it alleged with sufficient clearness that the death of plaintiffs' illegitimate grandson was caused by an accident arising out of and in the course of his employment. Where essential allegations are omitted from a petition in a suit under the Workmen's Compensation Act, an exception of no cause of action will be maintained. Whittington v. Louisiana Sawmill Co., 142 La. 322, 76 South. 754; Arthur v. Alexandria Lumber Co., 143 La. 207, 78 South. 469.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it maintains the exception of want of jurisdiction, be set aside; and, in so far as it maintains the exception of no cause of action, dismissing plaintiffs' suit as in case of nonsuit, be affirmed. Plaintiffs to pay the costs of both courts.