## No. 2810

### Second Circuit

---

### STEARNS v. LOVE DRILLING COMPANY, INC.

---

(December 11, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 160 (i).**

Suits under the Workmen's Compensation Act, No. 20 of 1914, must allege all facts necessary to prove a right to recovery, even though such allegations involve a negative.

2. **Louisiana Digest—Master and Servant —Par. 160 (i), 160 (l).**

Where the plaintiff in a case under the Workmen's Compensation Act, No. 20 of 1914, fails to allege in his petition sufficient to sustain the action; but filed a motion to amend in the Court of Appeal, the case will be remanded to the District Court for the purpose of allowing the plaintiff to amend.

3. **Louisiana Digest—Master and Servant —Par. 160 (k); Costs and Fees—Par. 51.**

Where the plaintiff files a motion to amend his petition in the Court of Appeal and the case is remanded, the costs of the appeal must be paid by the plaintiff.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926. Editor's note.)

Appeal from the Fourth Judicial District Court of Louisiana, parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Lucinda Stearns against Love Drilling Co., Inc.

There was judgment for defendant and plaintiff appealed.

Motion to amend filed in Court of Appeal and case remanded to the District Court for the purpose of allowing the plaintiff to amend petition.

M. C. Redmond, of Monroe, attorney for plaintiff, appellant.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellee.

ODOM, J. The plaintiff brought this suit under the Workmen's Compensation Act to recover compensation for the death of her son Clay D. McNeil who was killed while working for the defendant company. Her demands were rejected by the District Court and she appealed.

### OPINION.

Plaintiff alleged that the deceased was her son and was killed while at work for defendant and that she was partially dependent on him for support.

But she did not allege that he left no widow or minor child or children at his death.

Defendant, in limine, tendered an exception of no right and no cause of action. The minutes of the court do not show any ruling on this exception.

At the beginning of the trial of the case, defendant objected to the introduction of any testimony, on the ground that the petition set out no cause or right of action. This objection was overruled by the lower court and the objection and ruling were made general.

Defendant has filed and now urges in this court the same exception.

The exception is based upon the ground that plaintiff did not allege that her deceased son did not leave at his death a widow or minor child or children.

Subsection 1 of section 8 of the Workmen's Compensation Act, as amended by Act 216 of 1924, provides—

"That for injury causing death within one year after the accident, weekly compensation shall be paid under this Act, for a period of three hundred weeks to the following persons:"

Then follow the provisions for the payment to the widow or widower and the child or children of the deceased, in case there be such, and clause (g) of the same section and subsection of the Act, in so far as necessary to quote the same, read as follows:

"If there be neither widow, widower nor child, then to the father or mother of the deceased employee."

It is perfectly apparent that if the deceased leaves at death either a widow, a widower, or a minor child or children, the father or mother can recover nothing.

As a condition precedent to recovery under the act the father or mother would have to show affirmatively that the deceased child left at death neither of the above named persons; for the survival of either excludes the father or mother from recovery.

Under our system of practice and pleading all facts which it is necessary to prove in order to maintain an action must be alleged, even though such allegation involves a negative.

Lurie vs. Titcomb, 139 La. 9, 71 South. 200.

Blackburn vs. La. Ry. & N. Co., 128 La. 327, 54 South. 865.

Vinton O. & S. Co. vs. Gray, 135 La. 1050, 66 South. 357.

That principle applies in suits under the Workmen's Compensation Act as well as in others.

Arthur vs. Alexandria Lumber Co., 143 La. 207, 78 South. 469.

Whittington and wife vs. Louisiana Saw Mill Co., 142 La. 322, 76 South. 754.

Gros vs. Miller's Indemnity Co., 153 La. 257, 95 South. 709.

In the case of Register and wife vs. Harrell, 131 La. 983, 60 South. 638, it was held, to quote the syllabus written by the court:

"Where a statute gives the parents a right of action for the death of their son only in case he has left no wife and children, the parents in bringing their action must allege the non-existence of the wife or children, or both, and, where this allegation does not appear, an exception of no cause of action will lie."

In the case of Blackburn vs. La. Ry. & Nav. Co., supra, it was specifically held that the petition of a mother suing for damages on account of the death of her son, who was alleged to have come to

his death through the fault and negligence of the defendant, should negative the existence of a widow or minor child of the deceased.

The case of Gros vs. Miller's Indemnity Co., supra, was a suit under the Workmen's Compensation Act, and it was there held that in such cases the petition must affirmatively show the non-existence of persons entitled to priority of action under section 8, subsection 2, of the Act.

In the case at bar, plaintiff alleged that the deceased was her son, but she did not allege the non-existence of a widow or a child or minor children of the deceased.

The exception of no cause and no right of action is well founded and should have been sustained by the District Court.

The case was tried on its merits in the District Court but no testimony was offered to show that the deceased did not leave a widow or minor child or children.

Counsel for plaintiff made no request of the District Court for permission to amend the petition, but did file a motion to amend in this court. We think counsel should be permitted to amend the petition.

See Whittington vs. Louisiana Saw Mill Co., 142 La. 327, 76 South. 754.

For the reasons assigned, it is therefore ordered that the judgment of the lower court rejecting plaintiff's demand be set aside and it is now ordered that the case be remanded to the District Court for the purpose of allowing plaintiff to amend her petition.

Inasmuch as the motion to amend was filed in this court and not in the District Court, the plaintiff should pay the costs of the appeal.