No.——

First Circuit

RILEY v. COWGILL

(June 12, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 160(i).**

Petition for compensation for parents of deceased employee twenty years ol must allege affirmatively the non-existence of either widow, child or children to their deceased son in order to state a cause of action under the Workmen's Compensation Act No. 20 of 1914 as amended by Act 216 of 1924.

Appeal from the Parish of Washington. Hon. Prentiss Carter, Judge.

Action by Joseph Riley and Laura D. Riley against H. J. Cowgill, doing business as H. J. Cowgill Gravel Company.

There was judgment for plaintiffs and defendant appealed.

Judgment reversed.

L. H. McGehee, of McComb City, Miss., and Morgan and Simmons, of Covington, attorneys for plaintiffs, appellees.

Miller and Richardson, of Bogalusa, attorneys for defendant, appellant.

MOUTON, J.  Plaintiffs instituted this suit for compensation for the death of their son, Elton Ray Riley, which they allege occurred July 14, 1926, while he was in the service of defendant company as an employee.

The defendant company filed an exception of no cause or right of action, thereafter filed its answer, with full reservation of all the benefits or advantages that might accrue to it under the exception, and renews the exception by filing it in this Court.

According to the allegations of plaintiffs' petition their son was killed on the 14th day of July, 1926. Their right of action, if any they have, must therefore be determined under Act 216 of 1924, as Act 85 of 1926, the last amendatory law of the compensation statute, had not gone into effect at the time of the accident.

Under Section 8 of Act 216 of 1924, par. 2, sub-par. G, the father and mother of the deceased employee have the right to recover compensation when they are actually dependent on him for support: "If there be neither widow, widower or child."

The right to recover for the death of a human. being was unknown to the Roman or Spanish system of laws.  This

right of action was first granted by Act 270 of 1855, and has been enlarged by subsequent statutes, amendatory of Article 2315, C. C., but these laws have always been strictly construed. See Suc. of Block, 137 La. 302, 68 So. 618, where this subject is ably, elaborately and exhaustively discussed by Chief Justice O'Neil. In the instant case the plaintiffs are claiming compensation for the death of a human being under statute law and which must likewise be strictly construed in so far as the right of action of the claimants is concerned.

In cases of most every character, it has been usually held as a general proposition, that under our system of pleading and practice all the facts which are necessary to be proved in order to maintain an action must be alleged. Arthur vs. Alex. Lbr. Co., 143 La. 207, 78 So. 469; Whittington et ux vs. La. Sawmill Co., 142 La. 322, 76 So. 754; Gros et al. vs. Millers' Indemnity Underwriters, 153 La. 257, 95 So. 709. In some cases it has been held that such averments are essential, even when a negative is involved. Winton Oil & Sulphur Co. vs. Gray, 135 La. 1050, 66 So. 357.

In the case of Blackburn vs. Louisiana Railway and Navigation Company, the mother was suing for damages in the right of her deceased son under Article, C. C. 2315, as amended by Act 120 of 1908. In that case the Court held that the mother suing in the right of her deceased son, alleged to have come to his death through the fault of the defendant, should negative the existence of minor children and a widow of deceased. In the case of Gros et als. vs. Millers' Indemnity Writers, 153 La. 257, 95 So. 709, the suit was brought for compensation under the Employers' Liability Act. In that case plaintiffs had

failed to allege affirmatively the non-existence of the other persons, who, under Section 8 of that Act, were entitled to a priority of action. For failure to make these allegations which the Court considered essential the Court maintained an exception of no cause of action, dismissing the case as in case of non-suit. It is true that the plaintiffs allege here that their son, Elton, when killed, was a minor, but the allegation is made that he was twenty at that time. Under Article C. C. 36, males are adults at fourteen and may enter into the contract of marriage at that age. C. C. 92. At the age of twenty, which Elton had attained at his death, he could well have been then married, and at his demise could have left a widow, a child or children. The allegation that he was a minor does not take away such possibilities as it is not uncommon for men at twenty to be married and to have children. The petition totally fails to allege that he left neither widow, child or children, and the evidence is equally silent on this question. Under the decisions hereinabove cited, plaintiffs were required to allege affirmatively the non-existence of either widow, child or children to their deceased son, to entitle them to compensation under the provisions of Act 216 of 1924. These allegations were essential to support a cause or right of action. It is true that defendant, after filing its exception of no cause of action, filed its answer, but in the answer, it must be noted, full reservation was made of the benefit which might flow from the exception, and such a reservation precludes the idea of a waiver of the exception. Even if defendant had filed its answer after filing the exception and without making the reservation, the exception could not be treated as an answer, and no waiver of the exception could have resulted. Borrow vs. Grant's Estate, 118 La. 956, 41

So. 220. However, that may be, the defendant had a right to plead the exception of no cause of action in this Court, as such an exception may be filed at any stage of the proceedings. Veasey vs. Peters et al., 142 La. 1012, 77 So. 948; Brown vs. Saul et al., 4 M. (N. S.) 434; La Casse vs. N. O. T. & M. R. Co., 135 La. 129, 64 So. 1012.

In passing over this issue we are not unmindful of the doctrine which demands that the compensation statute should be liberally construed in favor of the employee. This principle has been recognized in several decisions of our Supreme Court, but this principle cannot be made to apply to an issue involving the right of the claimant to sue, as this question strikes at the foundation of the demand, because if judgment were to be rendered for a claimant not entitled to compensation, the real beneficiaries, by reason of priority or preference under the provisions of the statute, could not be cut off from their right to demand relief under the law against the defendant herein. The issue therefore involves a matter of allegation or at least of proof, that it is impossible for us to overlook, and which compels us to maintain the exception of no right or cause of action filed by defendant. This view of the case does away with the necessity of considering the other questions urged as a defense.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is further decreed that the exception of no cause or right of action be maintained, and the action of the plaintiffs be dismissed as in case of non-suit at their cost in both courts.