## No. 622

### First Circuit

## WRIGHT v. LOUISIANA ICE & UTILITIES CO.

(April 14, 1930. Opinion and Decree.)
(May 6, 1930. Rehearing Refused.)
(December 1, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

622

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

Thos. J. Martin, of New Orleans, attorney for defendant, appellee.

LeBLANC, J. This is a compensation suit brought by the widow of John · Wright against the Louisiana Ice & Utilities Company, by whom she alleges he was employed as a laborer and deliveryman of ice. The defendant filed exceptions of vagueness, and no cause of action which were sustained by the trial judge, and the suit dismissed. The plaintiff has appealed.

Defendant's exception of no cause of action is predicated on the alleged failure of the petition (1) to allege or infer an accident, (2) to show personal injury as defined by the Workmen's Compensation Act, and (3) to allege an accident arising out of and in the course of the employment. It is further contended that there is no right of action, because the employment which the petition stated the decedent was engaged in is not listed by the Compensation Act as hazardous and compensable.

Whilst it may be that the petition does not in so many words allege the facts and matters defendant contends it must, to disclose a cause of action under the statute, its general signification is such as to make it appear to be a suit coming within the terms and provisions of the act.

Considering defendant's first complaint, that there is no specific allegation of an accident, we find facts alleged which would bring the cause of decedent's death within the definition of that term in the Compensation Act (Act No. 20 of 1914). Section 38 of the act defines "accident" as:

"An unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."

After describing the nature of her husband's work which required him to personally carry large blocks of ice, "many of which weighed as much as one hundred pounds," during extremely warm weather, such as it was on the day he died, she avers in paragraph 3 of her petition:

"That while her husband was delivering into the house of a customer a smaller piece of ice at about twelve o'clock noon, August 19th, 1929, he collapsed and died immediately."

This allegation would indicate that the event which produced not only "objective symptoms of an injury" but death was "unexpected and unforeseen," and it happened "suddenly," thus conforming in every necessary respect to the definition of the term "accident" as given in this act.

Defendant"s next complaint against the petition is that it does not show a personal injury to the deceased as defined in the act. We quote again from the act, section 39:

"The terms 'Injury' and 'Personal Injuries' shall include only injuries by violence to the physical structure of the body and such diseases or infections as naturally result therefrom. The said terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."

We find no restriction in the use of the words "physical structure of the body." We take this term to mean the entire composition of the human body, the internal parts as well as the external, and of these certainly the heart is a most vital and important one. That violence can be done to the heart as well as to any external member of the body, such as the eye, the wrist, or the leg, goes without saying, and that disease may result from

injury to the heart, as well as infection may set in from a wound in the leg, is recognized as one of the weaknesses of the human body. With these thoughts in mind, we refer again to the petition and find that the plaintiff, who describes her husband as having been "an active, robust and strong man, forty-six years old, apparently in perfect health," avers in paragraph 4:

"That the cause of his death was due to acute dilatation of the heart superinduced by over-exertion brought on by the lifting and carrying of large blocks of ice in the rush of an unusual volume of business resulting from the intensely hot weather."

The acute dilatation of the heart may very well be an injury resulting from violence within the meaning of the words of the statute, the violence in this case being the over-exertion in lifting a heavy weight in extreme hot weather. Whether or not the condition with regard to the decedent's heart was another form of disease or derangement is a matter to be shown on the trial of the case on the merits.

The last contention in the exception of no cause of action is based on the failure of the petition to allege an accident arising out of and in the course of the employment. Whilst it is true that the petition does not contain an allegation to that effect couched in the very words of the statute which in express terms provides compensation to the "person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation," still, upon proper analysis of the allegations made, we find facts stated which bring the demand under the operation of that language of the statute. The plaintiff avers that her husband had been constantly employed by the defendant and its predecessors for a period of about seventeen years before his death, at which time he was still in this employ as a laborer and "deliveryman of ice." That he was in charge of a large wagon used by his employer for the purpose of delivering ice to its customers, and as a part of his duties he carried the ice as required by them into these customers' residences and places of business. That on the day he collapsed and died, the weather was extremely warm, and, as his only help was a boy of medium size, he found it necessary to personally carry large blocks of ice, some weighing as much as one hundred pounds. That it was, while delivering a piece of smaller size, into the house of one of his employer's customers, the over-exertion caused by the lifting and carrying these large blocks of ice in the rush of business caused his heart to dilate and he collapsed and died immediately. The general purport of all these allegations of fact would indicate to us that the decedent was, at the time of the alleged accident which caused his death, in the performance of his services as a deliveryman of ice in the course of his employer's business, part of which was the delivery of ice to its customers. It is generally held that the determining test as to whether the injury or death arises out of or incidental to the employment in the course of the employer's business, trade or occupation is to ascertain if there was any causable connection between the source of the injury and the nature of the employment. Applying this test, we are of the opinion that the allegations of the petition, taken as true, present a cause of action on this point.

Defendant bases its exception of no right of action on the ground that the employment which the plaintiff avers her husband was engaged in is not listed as hazardous and compensable under the Compensation Act. In its enumeration of the "hazardous trades, businesses and occupations" the act includes "ice plants" and "storing ice." The term of "ice plants" it-

self, is broad and general and may be construed to mean every part of the manufacture, sale, and distribution of ice, and the sale and distribution of ice would necessarily include its delivery to the customers. The same construction may be applied to the term "storing ice," which would include its transportation from the factory to the place where it is to be stored, and its distribution, by delivery wagons or trucks, to customers. The delivery then is an incident, necessary to carry on the business, and, as it is the business or "occupation in which the person is employed to perform services rather than his particular duties that determines the application of the act," the decedent's employment in this case can very well be said to come under the protection of the statute. Durrett v. Woods, 155 La. 533, 99 So. 430; Mackey v. Fullerton Naval Store Co., 4 La. App. 43; Dartez v. Sterling Sugars, Inc., 7 La. App. 414.

We are of the opinion that plaintiff has a right of action, and therefore the exception of no cause or right of action should have been overruled.

On consideration of the exception of vagueness, we have reached the conclusion that it should be sustained, and we have done so with due regard to those provisions of the Compensation Statute which allows the judge much latitude, especially in the matter of admitting evidence in the trial of these cases.

We are not unmindful also of what appears to be the policy of the courts to eliminate as much as possible those technical questions on which other cases are frequently disposed of. But when a defendant is confronted with a question which presents an issue of substantive right, that right should be protected, and we find some cases in which the Supreme Court,

recognizing that right, has dismissed compensation suits on exceptions. Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273; Gros v. Millers' Indemnity Underwriters, 153 La. 257, 95 So. 709. One of the defendant's such rights is to be informed by the petition of the material facts which the plaintiff depends to recover from him, so that he may properly prepare his defense.

In the petition before us, the fact is alleged of the sudden death of plaintiff's husband on August 19, 1929, while he was delivering ice to one of the defendant's customers. The petition is addressed to the Nineteenth judicial district court, for the parish of East Baton Rouge, and an allegation is made, rather vaguely, that the defendant has its domicile in the city of Baton Rouge in that parish. There is not a word to inform defendant where this accidental death occurred. As far as the allegations of the petition go, defendant would not know if it happened in the city of Baton Rouge, the parish of East Baton Rouge, or elsewhere. The allegation is made that the decedent, when he collapsed, was in the act of delivering ice to one of the defendant's customers, but the customer's name is not given, and there is no way, as far as the petition discloses, in which the defendant can find out who that customer was. The petition also states, as a matter of fact, that the decedent was assisted in performing his services by a medium-sized boy, but that boy's name is not mentioned. These are all matters of fact, as it appears to us, which are very material and of which the defendant is entitled to the proper kind of information. The failure of the pleader to put the defendant on its guard, and to grant to it its right to present a proper defense, is a matter which reaches beyond "the common law or statutory rules of evidence or any

technical or formal rule of procedure." It is a denial of one of the defendant's substantive rights, for which the pleader must suffer the consequences of his carelessness or neglect.

The trial judge correctly sustained the exception.

It is therefore ordered that the judgment of the lower court sustaining the exception of no cause or right of action be set aside and reversed, and that, in as much as said judgment sustains the exception of vagueness, it be affirmed.