## HINTON v. LOUISIANA CENTRAL LUMBER CO.

### No. 4238.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

For former opinion, see 139 So. 554.

Cas Moss, of Winnfield, for appellant.

Thornton, Gist & Richey, of Alexandria, and Stubbs & Thompson, of Monroe, for appellee.

PALMER, J.

This case is before us on rehearing. The opinion of the court in the former hearing is reported in 139 So. 554. In that opinion the case is fully discussed and need not now be restated at length. It is sufficient to say that plaintiff is suing under the Employers' Liability Act (Act No. 20 of 1914, and amendments thereto) to recover $20 per week for 400 weeks, beginning May 29, 1930, with 5 per cent. per annum interest on the weekly payments from their due date, and for an additional $250 for hospital and doctor's bills, as compensation for accidental injuries alleged to have been received while employed by and working for the defendant on May 29, 1930.

The case is on appeal to this court from a judgment of the lower court sustaining an exception of no cause or right of action. In our former opinion, the judgment of the lower court was reversed and the case ordered remanded to be proceeded with according to law. A rehearing was granted, on application of defendant, and again this court has before it the merits of that exception.

Perhaps a brief résumé of the pleadings would serve a useful purpose at this time, so it may be stated that, in considering the original and supplemental petitions together, plaintiff, in effect, has alleged that defendant owns and operates a sawmill for the manufacturing of lumber, etc., and that, to carry on its business, it owns large tracts of timber in several parishes; that he was employed as defendant's patrol agent, the duties of which employment required him to daily travel over the lands on which defendant's timber is located; and that, due to the extensiveness of these holdings, it was necessary for him to travel by horseback; that it was his duty to protect defendant's interests against any trespassing on its timber; that, in addition to patrolling the timber, he was also required to employ labor and supervise and direct the cutting into sawlogs, and the hauling thereof, of any timber which had been felled by trespassers, by winds, or by other causes; and that, while engaged in his said work of patrolling defendant's timber, his horse bogged in soft ground and fell, causing his alleged injuries.

In our original opinion, we held that the work performed by plaintiff in the discharge of his duties as patrol agent, in riding over the timber lands to protect the timber against trespassers, may be considered as duties performed in a nonhazardous branch of the defendant's business, and that, if plaintiff's

duties stopped there, he would not be deemed to come under the act, but that, since plaintiff alleges that, in addition to his said duties as patrol agent, he also was charged with the duties of supervising the cutting into sawlogs and the hauling thereof of such timber as may have been felled by trespassers, by winds, or by other causes, he has alleged that a part of his duties are performed in that line of business conducted by the defendant known as "logging," which is a hazardous business under the act.

There can be no question but what plaintiff alleges that, at the time of his injury, he was performing duties as patrol agent of defendant's timber, and that a major portion of his time was occupied in the discharge of those particular duties. It may be reasonably implied from plaintiff's petition that he devotes but a small portion of his time to that class of work which we think comes under the "logging" department of defendant's operations. This briefly states the situation presently before the court for decision.

We are much impressed with the able and forceful argument presented, orally and by briefs, by counsel for defendant, but we cannot agree with them that this case is not covered by the principles enunciated in the following cases: Youngblood v. Colfax Motor Co., 12 La. App. 416, 125 So. 883; Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.

As we have said, plaintiff's major employment, according to his pleadings, was that of patrol agent, a nonhazardous work, to which he devoted a large portion of his time, and it was while engaged in those duties that he received his alleged injuries; but a part of his time was devoted to the work of supervising the cutting into sawlogs and the hauling thereof, of certain timber, or, in other words, under his allegations, plaintiff at times was engaged in performing work in the "logging" department of defendant's operations, which is a hazardous occupation, under the act. His work in the logging department arose only when the necessity required it. His duties there might come thick and fast, or considerable time might intervene between the different labors there performed. Any day, while patrolling the timber, he might discover work to be done in cutting and hauling down timber, so he might be called upon to perform that character of work at any time. It might be said he was constantly on the lookout for it.

Defendant's counsel argue that, since plaintiff avers that most of his time was devoted to his alleged duties as patrol agent of defendant, a nonhazardous undertaking, and that he received his injuries while engaged in that particular work, it would be extending the act too far to hold that he comes under its terms in this case, simply because he alleges that at times he performed some labor in the discharge of work properly in the "logging" department of defendant's operations.

This court formerly held to the views for which counsel for defendant is here contending, but the Supreme Court of this state disagreed with this court and reversed it in a case presenting issues quite similar to those in this case. We refer to the said case of Byas v. Hotel Bentley, Inc., supra. In discussing the action of this court in that case, the Supreme Court said: "The Court of Appeal in its opinion found, and we think correctly, that the deceased was engaged in part in hazardous occupations, and in part in nonhazardous occupations in the performance of his duties about the hotel. The court stated that, if the plaintiff's husband had been killed while he was engaged in one of his duties of a hazardous nature, she would be entitled to compensation, but, in view of the fact that the major portion of the deceased's duties were nonhazardous, and that it was while in the discharge of duties in the nonhazardous line of his employment he met his death, plaintiff was not entitled to relief."

It is apparent, therefore, and the Supreme Court so stated, that the Byas v. Bentley Hotel Case, supra, presented the question as to whether, when an employee is engaged in both hazardous and nonhazardous branches of the same employment, even when the work in the hazardous department occupies only a small part of his time, and is killed while performing his customary duties in the nonhazardous branch of his employment, his widow is entitled to compensation under the statute.

Passing upon the issues in that case, the Supreme Court said: "In the present case, plaintiff's husband was admittedly engaged in both hazardous and nonhazardous branches of his employer's business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment."

Under that opinion, as we understand it, it is immaterial that plaintiff in this case devoted a major portion of his time to his work as patrol agent, in a nonhazardous branch of his employer's business, and actually received his injuries while engaged in that work, just so a part of his time, whenever the necessities required it, was devoted to a class of work in a hazardous branch of his employment.

In the Youngblood v. Colfax Motor Company Case, supra, plaintiff claimed her de-

ceased husband's principal duties consisted of the general management and supervision of the defendant's business, and that, in connection with it, he was required to drive, operate, and sell automobiles and other vehicles, gasoline, motor oils, and other automobile accessories, as well as to take inventories for the defendant; and that, while engaged in taking an inventory, he received an injury that finally resulted in his death. Although he received his injury while engaged in a nonhazardous part of defendant's operations, yet his widow was awarded damages because part of his duties were performed in a hazardous branch of his employment.

 We are presently concerned only with the pleadings in this case. Following the policy of the courts to liberally construe the Employer's Liability Act, we hold that plaintiff, by his allegations in his amended petition, has brought this case under the act. Whether the issues presented by the amended petition are theoretical or in fact constitute in good faith a portion of plaintiff's actual employment cannot be considered except upon a trial of the merits of the case.

We think our former decree, reversing the judgment appealed from and remanding the case to the lower court to be proceeded with according to law, is correct; so it is accordingly reinstated.