ELLIS, Judge.
This is a Workmen’s Compensation suit filed by Mrs. Nannie Cook McLin, individually and as natural tutrix of her five minor children, for $30 per week during 300 weeks, against the employer of her deceased husband. The Department of Highways of the State of Louisiana and its insurance carrier, Coal Operators Casualty Company.
The defendants filed an exception of vagueness to the petition which was sustained and the plaintiff was ordered to amend within ten days or the suit would be dismissed. Plaintiff failed , to amend her suit and it was dismissed as of non-suit and it is from this judgment that she has appealed.
In the brief of counsel for plaintiff he states:
“The exception of vagueness is aimed at securing the following information not contained in the petition:
“(a) The exact birthdays of the five children;
“(b) The exact wages of the deceased;
“(c) Additional detail surrounding the accident;
“(d) The risks that the deceased was .subjected to because of his'employ *137 ment that the public generally was not subjected to;
“(e) The nature of the services plaintiff’s husband was performing at the time of the accident which show or tend to show that the accident occurred and arose out of and in the course of the employment of plaintiff’s husband.”
From the above statement we take it that counsel admits that the information which the defendants are seeking by way of the exception of vagueness is not contained in the petition and it is therefore unnecessary to quote the petition.
With the above admission, counsel for plaintiff submits that the trial judge was in error in sustaining the exception of vagueness for the following reasons:
1. An exception of vagueness is not applicable to an action brought under the Louisiana 'Compensation Act.,
2. Alternatively, even if the rules of Louisiana pleading and practice are applicable to a compensation suit, since the adoption of Act No. 202 of 1952, LSA-R.S. 13 ¡3741-13 ¡3794 (The new discovery rules) an exception of vagueness should never be sustained when the information can be secured through discovery.
3. In the further alternative, even if a plea of vagueness is applicable in a compensation suit, and even if the information cannot be secured by a discovery, the petition here is not so vague that the exception should have been sustained;
4. In the further alternative, even if the petition is vague, and even if the exception is applicable, it should not be sustained in the present case because the defendants are in a better position to furnish the information requested than is the plaintiff.
Plaintiff’s contentions will be discussed in the order listed above.
1. Our learned brother below has briefly and' concisely answered this contention of the plaintiff in his written reasons:
■ “In a-word, thé sum and substance of plaintiffs’ contention is that regardless of how vague and indefinite the petition may be the defendant is nevertheless required to answer the same'within ten days. This contention obviously is founded upon the well recognized policy of the courts to eliminate as much as possible technical questions in compensations suits and to permit a liberality in pleading which is not accorded in ordinary suits.
“It is very true that the- compensation act expressly provides for liberality of pleadings and the elimination of technical rules of evidence in cases of this kind, but I can not agree that even in compensation cases the defendant is required to answer a petition which fails to set out a cause of action or which is so vague and indefinite that the defendant is not informed of the material facts upon which the plaintiff relies to recover. It is elementary that in all law suits the plaintiff should inform the defendant of all material facts so that he may properly prepare his defense.
“In the case of Wright v. Louisiana Ice and Utilities Co., 14 La.App. 621, 129 So. 436, an exception of vagueness was sustained. The Court said:
“ ‘On consideration of the exception of vagueness, we have reached the conclusion that it should be sustained, and we have done so with due regard to those provisions of the Compensation Statute which- allows the judge much latitude, especially in the matter of admitting evidence in the trial of these cases.
“ ‘We are not unmindful also of what appears to be the policy of the courts to eliminate as much as possible those technical questions on which other cases are frequently disposed of. But when a defendant is confronted with a question which presents an issue of substantive right, that right should be protected, and we find some cases in *138 which the -Supreme Court, recognizing that right, has dismissed compensation suits on exceptions. Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273; Gros. v. Millers’ Indemnity Underwriters, 153 La. 257, 95 So. 709. One of- the defendant’s such rights is to be informed by the petition of the material facts which the plaintiff depends to recover from him, so that he may properly prepare his defense.’
“See also Arthur v. Alexandria Lumber Co., Ltd., 143 La. 207, 78 So. 469.
“In that case the exception filed was not an exception of vagueness but one of no cause of action. The court sustained the exception and stated that the mere allegation of a conclusion of law can not be made to serve for the alle- ‘ gation of a 'fact which is necessary to be alleged.
“In the light of these decisions it can not be seriously denied that exceptions of vagueness and of no right or cause of action can be filed in compensation suits, as well as in any other type of litigation.”
2. As to the second contention of counsel for plaintiff, it might be well to note that Act No. 202 of 1952, LSA-R.S. 13:3741-13:3794, had not been enacted when this suit arose or at the.time it was filed. Be this as it may, we do not think that it was the intention of the lawmakers that this Statute ■ should do away with the rules of pleading under our law. This would be the effect should we hold that a plaintiff could file a petition totally deficient and force the defendant by means of the Discovery Act to attempt to find out on what facts the plaintiff is basing his suit. Our compensation statute, LSA-R.S. 23:-1311, under “Sub-Part B. Institution of Suit; Procedure”, in part states:
“ * * * The petition should set forth the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of the court, and to give the other party sufficient information to enable him to intelligently answer and defend the complaints;' it should also state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which in this Chapter are made conditions under which compensation may be granted.”
The Discovery Act does not replace the necessity for a plaintiff’s petition to comply with the requirements of the law as above quoted.
3 and 4. As to plaintiff’s third and fourth contentions, we are of the opinion that the petition is vague and indefinite as it fails to contain allegations of fact to show that the accident occurred and arose out of and in the course of the deceased’s employment by the defendant, and that it is vague and indefinite in failing to state the average weekly wage being received by the deceased at the time of the accident as required under LSA-R.S. 23:1311 above quoted.
Plaintiffs allege that “petitioner’s said husband was injured when struck by an automobile, and the said accident occurred because the employment of petitioner’s said husband by said employer resulted in exposing petitioner’s said husband to risk beyond that to which the public was subjected.” Plaintiff-appellee bases his contention that the above allegation of the petition should not be subject to an exception of vagueness upon the argument that the Department of Highways knows or should know or could have found out what services were being performed by the deceased at the time of his death, and the State Agency could secure the police report which would show the details of the accident itself. It is possible that the defendant could find out these things but under the law it is the plaintiff’s duty to allege the facts upon which he relies.
*139 As to the birth dates of the 'minor children, the plaintiff’s petition sets, forth only their ages. In order to ascertain the amount to which they would be entitled, it is necessary -or essential -that their birth dates be shown. ¡
Judgment affirmed.