LAND, J.
This is a suit by Leon Dreyfus against the universal legatees of Charles B. Block, deceased, to recover the sum of $2,-625, with legal interest from April 24, 1911, claimed by him as one-fourth of the proceeds, amounting to $10,500, of the sale of certain real estate in the city of New Orleans sold by plaintiff’s mother, Henrietta Block Dreyfus, the sister of the decedent, Block, and by him received and never accounted for. Charles B. Block died on April 24, 1911, and Mrs. Hen- *303 l’ietta Block Dreyfus died on May 3, 1911, the latter leaving four heirs, the plaintiff and his brother, Jules Dreyfus, and two sisters.
The petition further represents that on June 28, 1905, the plaintiff, Leon Dreyfus, conveyed said real estate to his said mother; that in the act of sale the usufruct of the property was granted to the said Block; that on 'July 22, 1909, plaintiff’s mother sold the said property to one Lee Campbell for $10,500, that is, $3,500 cash, and the balance in three notes of $2,333,331/3 each, with 7 per cent, interest from date; that in the act of sale Charles Block relinquished his usufruct, and received in his possession said cash and notes; that he collected one of the notes and invested the proceeds in certain bonds, and at the time of his death he held the cash, bonds, and the two remaining notes.
Defendants for answer admit the execution of the two deeds referred to in plaintiff’s petition; admit that Block took possession of the three notes and collected the first note; admit that Adolph Grossman, father of the minor legatees of Block, has control and possession of the bonds, the proceeds of the two notes, and the sum of $426.64, mentioned in plaintiff’s petitions. Defendants, further answering, specially deny that the said Block took possession of said notes as usufructuary ; deny that at his death all the property mentioned in plaintiff’s petition reverted to plaintiff’s mother; and deny that plaintiff is entitled to an undivided fourth interest in said assets.
For further answer defendants averred that at the time of his death Charles B. Block was, and has never ceased to be, continuously, for over 25 years, in full, quiet, peaceful, notorious, and undisputed physical possession of the real estate in question.
Defendants further averred that said property was acquired by the said Charles B. Block, by purchase from Seraphin Block, on April 28, 1886, by act passed before Benjamin Ory, notary, on said day, in the name of Jules Dreyfus, for the price of $3,000 cash; that for the sake of convenience and without any consideration the said Block, apparently acting as the agent of said Jules Dreyfus, on October 9, 1891, by notarial act, pretended to sell said property to Leon Dreyfus; that at the request of the said Block the said Leon Dreyfus, on June 28, 1905, transferred the same property to his mother, Mrs. Abraham Dreyfus, the consideration • being that she should deliver to the said Leon Dreyfus at the time of said transfer a note for $12,000, drawn by him to his- own order, and by him indorsed in blank, and secured by mortgage of date November 16, 1896, on the property conveyed.
Defendants further averred that, in truth and fact, the said Block was the real purchaser, possessor, and owner of said property, collecting the rents therefrom for himself, and that it was placed in'the names of Jules Dreyfus, Leon Dreyfus, and Mrs. Henrietta Dreyfus for the individual convenience of said Block.
Defendants further aver that Mrs. Henrietta Dreyfus was not the owner, and did not have possession or control of, said note for $12,000 and never delivered the same to Leon Dreyfus, but that the said note was always in the actual possession and under the control of the said Block, and, in truth and in fact, the said property was put in her name as the agent and for his use and benefit.
Defendants prayed that the petition of Leon Dreyfus be dismissed at his costs, and that they be decreed the joint owners of the property in controversy.
There was judgment dismissing the suit with costs, from which the plaintiff has ap* pealed.
The three authentic acts in the record show the following facts:
On October 9, 1891, Jules Dreyfus, represented by O. B. Block, as agent, sold the property in controversy to Leon Dreyfus for the *305 price of $6,000 cash in hand paid, the receipt of which was acknowledged by said agent. This act of sale, after describing the lots of ground conveyed, referred to them as the same property acquired by Jules Dreyfus by purchase from Seraphin Block on April 25, 1SS6, by act duly recorded. The act of sale from Jules Dreyfus to Leon Dreyfus contained no conditions whatever.
On June 28,1905, Leon Dreyfus transferred the same property to his mother, Mrs. Abraham Dreyfus, for the consideration in part of the delivery and surrender by her to him of his note for $12,000 of date November 16, 1S96, secured by mortgage on the premises conveyed. Block intervened in this act through his agent, Jules Dreyfus, and accepted a conveyance of a life usufruct of the property made in his favor by Mrs. Henrietta Dreyfus, the vendee.
On July 22, 1909, Mrs. Henrietta Block, represented by Jules Dreyfus, and Charles Benjamin Block, acting in his own name and behalf, “appeared before a notary public, and granted, bargained, and Sold the samé property to one Lee Charles Campbell for the price of $10,500, represented by cash and note” delivered to said vendors, “who acknowledged the receipt thereof.”
One of the stipulations of the act reads as follows:
“It is understood and agreed that this sale is to operate a rescission and cancellation of the donation of the use, usufruct, and enjoyment of the above-described property donated by Mrs. Henrietta Dreyfus to Charles B. Block, vendors herein, in consideration of the price herein paid to them.”
These deeds, with their recitals, disclose no title in Charles B. Block, except that of usufructuary which expired at 'his death. The deed from Seraphin Block to Jules Dreyfus is not in the record, but Block recognized this title in the most formal manner by conveying the property as agent of Jules Dreyfus, and as the same property acquired by-the latter from Seraphin Block on April 25, 1886, by act duly recorded.
The defense is predicated on the proposition that Charles B. Block owned the property, and on the trial below defendants endeavored to establish the fact of ownership by parol evidence over the objections of the-plaintiff, which were overruled by the court.
[1] The defendants are the children of a sister of Leon and Jules Dreyfus, nephews of the decedent, and their only claim to the estate is under his last will and testament. Standing in the position of simple heirs, they ate bound by the contracts of the testator. It is only forced heirs who have the right to-annul “by parol evidence” the simulated contracts of those from whom they inherit. Civil Code, art.- 2239, as amended by Act No. 5-of 1884.
Oral testimony is inadmissible between the-parties to a written contract to show simulation. This can only be done by a counter letter or written evidence amounting thereto, including answers to interrogations on facts and articles. The rule applies to all written acts, whether they relate to immovables or movables. The unbending jurisprudence of this state does not allow a party to vary or destroy his own voluntary declarations or written agreements by anything short of written evidence or its equivalent. Cary v. Richardson, 35 La. Ann. 505; Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744. Ordinary heirs cannot assert and prove by parol simulation in a contract made by the-person from whom they inherit. Labauve v. Boudreau, 9 Rob. 28; Collins v. Pratt, 15 La. Ann. 52; Boone v. Carroll, 35 La. Ann. 281.
Every transfer of immovable property must be in writing. Civil Code, 2275. It has been held that parol is inadmissible to show that real estate acquired in agent’s individual name was purchased with funds of his principal (Perrault v. Perrault, 32 La. Ann. 635; *307 Hackenburg v. Gartskamp, 30 La. Ann. 898), or witb tbe money of another (George v. Campbell, 26 La. Ann. 445), or that the person whose name appears in the .deed was only the agent, and not the purchaser (Stierle v. Kaiser, 45 La. Ann. 580, 12 South. 839).
In Hoffmann v. Ackermann, 110 La. 1070, 35 South. 293, the court on rehearing held that, in a suit by a creditor, parol evidence was not admissible to prove that property purchased in the name of one person was, in fact, purchased for another, as such evidence tended to divest the title of the purchaser, and to transfer it to a third person.
So we may .say in this case that parol evidence was not admissible to divest the apparent title of Jules Dreyfus and vest the same in Charles B. Block.
We conclude that the parol evidence adduced below as to title and simulation should have been ruled out.
The evidence shows that the decedent, as usufructuary, received the entire proceeds of the same sale to Campbell, and it follows that his estate must account for the same to the plaintiff, as one of the heirs of the owner.
As Mrs. Henrietta Dreyfus held the legal title to the property, she'owned the proceeds of the sale, and Block received the same as usufructuary, or in trust for Mrs. Dreyfus. There is no issue of equity in this case. The defendants stand in the shoes of Block, who, if living, could not dispute the title of Mrs. Dreyfus.
[2] The usufruct of the money and notes representing the proceeds of the sale being imperfect, they became the property of the usufructuary. C. C. 534-536; Miguez v. Delcambre, 125 La. 194, 51 South. 108.
It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff, Leon Dreyfus, and against the defendants Mrs. Eda L. Grossman, wife of Maurice Dreyfus, Louis E. Grossman, and Odette Grossman, each for Ms or her virile share, in the sum of $2,625, witb legal interest thereon from April 24, 1911, until paid, and costs of suit; and it is further ordered that the judicial writ of sequestration be now dissolved at the cost of the defendants.