LAND, J.
This litigation arose out of the following state of facts:
. On November 12,1912, the defendant Blacksher executed a notarial act by which he bound himself to sell to the Union Irrigation Company, represented by J. Franklin Schell, *895 Its general manager, and said company bound itself to purchase, two certain tracts of land, for the price of $100,000, of which $2,000 was then and there paid in cash to the said promisor, and the balance was divided into 16 payments, for which notes were to be given; the title .to be passed at the time of making the first payment, to wit, March I, 1913.
On the same day and before the same notary the Irrigation Company, represented by J. Franklin Schell, its general manager, agreed to purchase, and the defendant Blacksher agreed to sell, all the mules, work horses, farming implements, etc., on his plantation situated in the Prairie Plaisance neighborhood in the parish of St. Landry, for the price of $5,000, of which $1,000 was paid in cash, and the balance at the time the said Irrigation Company should take possession of said live stock, implements, etc., on or before January 1, 1913. The price of these movables was paid in full by the company.
On January 20, 1913, Blacksher sold and conveyed the two tracts of land described in the said promise of sale to one R. R. Leh for the same price; the credit portion being represented by the notes of the purchaser.
On January 2, 1914, R. R. Leh sold and conveyed the same tracts of land to J. Franklin Schell, who assumed the payment of the notes given by the said Leh to Blacksher.
On April 13, 1914, J. Franklin Schell sold and conveyed to the Union Irrigation Company the same tracts, and a large number of other tracts, which had been acquired by him in his own name, for the price of $476,-806.76, represented by a note of the purchaser to the order of the vendor for $204,-413.33, and the balance by the assumpsit of notes held by Blacksher and other unpaid vendors.
In this transaction the Union Irrigation Company was represented by Schell, the vendor. This conveyance was subsequently annulled by judgment of court.
It appears that on March 27, 1914, J. Franklin Schell executed, in favor of P. T. Blacksher, a chattel mortgage on a number of horses, mules, farming implements, etc., to secure the payment of a note for $6,000 to the order of said Blacksher, and payable on September 1, 1914.
The act recited that the amount for which the mortgage was given was for the purchase price of the property.
It appears that Blacksher foreclosed his mortgage on the land by process directed against R. R. Leh, and purchased the property at sheriff’s sale for $22,600.
The plaintiffs in their petition alleged that they were appointed and qualified as receivers of the Union Irrigation Company in May, 1914, and went into the control and possession of the horses, mules, etc., described in the chattel mortgage of March 27, 1914, and that said property was acquired with the funds of the said Union Irrigation Company for its account, was used by said company in its irrigation and planting operations, and has been constantly in its possession and under control since its purchase.
Petitioners further alleged that at the time of the execution of said chattel mortgage the company owned and possessed said property, the said Schell having no proprietary interest therein, and was without right to hypothecate the same, to the knowledge of the said Blacksher.
Petitioners further alleged that the said Schell had no power or authority to purchase the two tracts of land from Blacksher on April Í3, 1914, in the name of and for the account of the Union Irrigation Company.
Petitioners further allege that, if the court should hold that the said Schell had such power and authority, then and only in that event the chattel mortgage was illegal, for the reason that the said Schell was without authority to execute the same, that a portion thereof was not susceptible of mortgage, *897 that the company was then insolvent to the knowledge of Blacksher and said Schell, and the execution of the said chattel mortgage constituted a preference to said Blacksher.
Petitioners prayed for judgment decreeing all the movables described in their petition to be the property of the Union Irrigation Company, and declaring said chattel mortgage to be null, void, and of no effect.
After the institution of suit by the receivers, Blacksher sued out foreclosure proceedings under the chattel mortgage, and caused the movables described therein to be seized by the sheriff and advertised for sale.
Whereupon, by supplemental petition, the receivers sued out an injunction against the sale of the property.
To this petition the defendant filed exceptions of no'cause or right of action, and a plea of estoppel, both of which were referred to the merits. The court permitted the defendant to bond the injunction. Pleas of estoppel were filed on both sides, and the defendant Blacksher answered, admitting the purchase of the horses, mules, etc., for account of the Union Irrigation Company. Defendant averred that the chattel mortgage was given to secure a debt due by said company in the form of interest on the notes given for the purchase price of the Blacksher plantation, which had been actually possessed, used, and enjoyed by the Union Irrigation Company since January 20,1913, when title was made to R. R. Leh, by direction of the general manager of said company. The answer contained other averments of fact not necessary to mention.
The case was tried, and there was judgment in favor of the defendant, dismissing plaintiffs’ suit, with costs, and dissolving their injunction, with reservation of defendant’s right to damages. Plaintiffs appealed.
[1, 2] Schell, as manager, had no written authority from the board of directors of his company to purchase, sell, or hypothecate immovables in the name of the corporation. He had no written authority to accept Blacksher’s promise to sell the two tracts of land, and, as a matter of fact, the title was never conveyed to the company, but by direction of Schell to R. R. Leh, a nominal purchaser, who subsequently conveyed the land to Schell, who unsuccessfully endeavored to unload the Blacksher and other lands on the insolvent corporation. It appears from the testimony of Schell and Leh that the former purchased to resell at a profit to some land company or to his own company. The records show that Schell had purchased, on speculation, a large number of other tracts in his own name.
Schell, as manager, had authority to purchase work animals, implements, etc., for his company, which owned arable lands contiguous to the Blacksher plantation; and the occupation and cultivation of the place was a matter between the company and R. R. Leh, who held the legal title.
The defendant Blacksher was a stockholder and bondholder of the Union Irrigation Company, and knew that said corporation had not taken title to the two tracts of land, and that he himself had sold the property to R. R. Leh.
The parol evidence offered below to prove that title to the lands vested in the Union Irrigation Company should have been ruled out. See Succession of Block, 68 South. 618, ante, p. 302, recently decided.
It follows that Schell had no authority to hypothecate the property of the corporation to pay interest which was owing by himself, or Leh, as purchaser.
It is therefore ordered that the judgment below be reversed, and it is now ordered that there be judgment in favor of the plaintiffs, joint receivers, decreeing that the movables described in the petition are the property of the Union Irrigation Company, and that said receivers be put in possession of the *899 same; and it is further ordered that the injunction sued out by the said plaintiffs be maintained and perpetuated, and that the defendant Blacksher pay costs in both courts.
MONROE, C. J., takes no part, not having heard the argument.
O’NIELL, J., dissents.