*445
 
 BRUNOT, Justice.
 

 This is a suit for the recovery, of certain property, or its value, and for an accounting. The prayer of the petition is for a judgment against the defendants decreeing the plaintiffs to he the owners of the property secondly described in their petition; for $2,-000, the price received by Miss Loeber for the property firstly described in the petition; for an accounting for the rents and revenues received by Miss Loeber from the said properties ; and, in the alternative, if the title to the property secondly described in the petition cannot be conveyed to them, for a judgment against the defendants for $15,000, the value thereof, with legal interest thereon from judicial demand and all costs. From a judgment rejecting the plaintiffs’ demands and dismissing their suit, they appealed. The defendants are lawyers, engaged in practicing their profession in the city of New Orleans.
 

 Prior to the filing of this suit Miss Loeber was employed by the plaintiffs to enter suits for the recovery of certain real estate situated in the city of New Orleans. One of the suits was for the recovery of the property involved in this litigation. While this suit was pending, a mortgagee caused the property to be seized and sold in executory proceedings, and Miss Loeber, with her personal funds, became the purchaser, but, for convenience, she had the title placed in the name of Mr. Gus Llambias.
 

 The plaintiffs’ suit is based upon an alleged oral agreement between the plaintiffs and Miss Loeber. While the suit was pending, one of the plaintiffs died and her heirs were properly joined as plaintiffs.
 

 All of the material allegations of the petition were put at issue by the answers of Miss Loeber and Mr. Llambias. In a supplemental petition the plaintiffs addressed interrogatories on facts and articles to both of said defendants. Mr. Llambias disclaimed ownership of the property, alleged that Miss Loeber was the sole owner thereof, and that title thereto was placed in his name for convenience only. Miss Loeber denied the alleged oral agreement with the plaintiffs to purchase the property for their account, or that she offered to advance them the amount necessary to acquire it. In passing upon an objection to the introduction of oral testimony to controvert the defendants’ answers to interrogatories on facts and articles in a matter affecting the title to ■ real estate, the learned trial judge said:
 

 “I gather that the gist or gravamen of this petition is, stated briefly and concisely, that Miss Loeber, an attorney at law of this bar, was employed by the plaintiffs to purchase for them at Sheriff’s sale the property described in the petition; the mandate, as gathered from the petition, being verbal.
 

 “The allegation is that, having purchased the two pieces of property for herself, through Llambias interposed, that in truth and in fact, the property so purchased belongs to the plaintiffs and not to Miss Loeber. * * *
 

 “The prayer is that the Court declare them to be the owners of it, — a petitory action,— and, in the alternative, the prayer is that, if the Court be unable to adjudicate'the property itself to them, that it condemn Miss Loeber to pay $15,000.00, the value of the property. * * *
 

 
 *447
 
 “Under the law of Louisiana, title to real estate can never be proved by parole, and as proving that the property is the property of the plaintiffs is the sole basis for any claims for money, in my opinion the objection made to parole evidence is perfectly well taken and it is sustained.”
 

 This ruling is in exact accord with an unbroken line of authorities in this state. Fuselier v. Fuselier, 5 La. Ann. 133; Hackenburg v. Gartskamp, 30 La. Ann. 898; Perrault v. Perrault, 32 La. Ann. 635; McKenzie v. Bacon, 40 La. Ann. 157, 4 So. 65; Gaudet v. Dumoulin, 49 La. Ann. 984, 22 So. 622; Edenborn v. Blacksher, 137 La. 894, 69 So. 737; Succession of Block, 137 La. 302, 68 So. 618; Hanby v. Texas Co., 140 La. 189, 72 So. 933; Eberle v. Eberle, 161 La. 313, 108 So. 549; Prescott v. Prescott, 170 La. 233, 127 So. 611.
 

 The plaintiffs do not pretend to have a counterletter or documentary proof. Therefore, the judgment appealed from is correct and it is affirmed at appellants’ cost.
 

 ROGERS, J., takes no part.