136 So.2d 505 (1961)
Carlo DIPUMA
v.
Claire Helen McAlphin DIPUMA and Thomas W. Kleinpeter.
No. 5260.
Court of Appeal of Louisiana, First Circuit.
December 18, 1961.
Rehearing Denied January 29, 1962.
*506 D'Amico & Curet, M. A. Shortess, Baton Rouge, for appellant.
Joel B. Dickinson, Baton Rouge, for appellees.
Before LOTTINGER, LANDRY and REID, JJ.
LOTTINGER, Judge.
This is a suit by Carlo Dipuma, as petitioner, against Claire Helen McAlphin Dipuma and Thomas W. Kleinpeter, as defendants, to have petitioner recognized to be the owner of a certain piece of real estate. Exceptions of no cause or right of action were filed by Claire Helen McAlphin Dipuma and Thomas W. Kleinpeter, and an exception of prescription of three, five and ten years was filed by defendant, Mrs. Claire Helen McAlphin Dipuma. Both exceptions were maintained by the Lower Court and, accordingly, petitioner's suit was dismissed. The petitioner has taken a suspensive appeal. For purposes of brevity we will hereinafter refer to the defendant, Mrs. Claire Helen McAlphin Dipuma as "defendant", and will hereinafter refer to the defendant, Thomas W. Kleinpeter as "Kleinpeter".
The petition alleges that the petitioner and defendant began living together in open concubinage during the year 1940. On December 20, 1947, petitioner alleges that he purchased from Kleinpeter the real estate in dispute, and placed the said property in the name of his concubine as a matter of convenience. Petitioner's reason for placing the property in the name of his concubine was that he had living children of a former marriage, and the deed was designed to interpose the defendant concubine as the purchaser so as to defraud the petitioner's children out of their rights of inheritance. The petition alleges that the petitioner was employed by Kleinpeter, and the price of the property, together with improvements thereon, were paid for out of his earnings.
The record reflects that petitioner and defendant were married to each other on December 22, 1953, after they had lived together as man and wife for a period of some thirteen years. Difficulties subsequently arose between them, and a divorce was granted on December 6, 1957.
As a main demand, petitioner seeks to be adjudged the lawful owner of the property in question. There are several alternative demands as follows: (1) That, pursuant to an oral agreement between petitioner and Kleinpeter, the petitioner made installment *507 payments from his earnings to Kleinpeter, the defendant's vendor, and petitioner should be recognized as a co-owner of the said property with defendant; (2) That petitioner paid for the improvements on the property and he is, therefore, entitled to reimbursement and the enhanced value of the property; (3) That he is entitled to the amount of his contribution for the construction of the improvements. Petitioner does not seek to have the sale annulled, but prays that he be recognized as owner of the property and, if not owner, then seeks recovery under one of the alternative pleas.
The exceptions of prescription and of no cause or right of action were filed by defendants, as aforesaid, after hearing upon which the Lower Court rendered judgment in favor of the defendants, and dismissed the petitioner's demand. A suspensive appeal was taken by petitioner.
The Lower Court gave written reasons for its judgment below with which we are fully in accord. The pertinent portion of the reasons below are as follows:
"I will consider first the exception of no right or cause of action. When the exceptions and pleas came on for trial counsel for both parties presented oral argument, but no evidence of any kind was offered by either side. The petition states that the deed conveying the property to the defendant from Kleinpeter is duly recorded, subsequent to which a corrected deed from Kleinpeter to this defendant was executed correcting the error in the description of the property, which corrected deed is also of record in the Conveyance Records of this Parish. Counsel stated orally that these deeds are in authentic form translative of property for the express consideration of $2,500.00 paid in cash. Counsel for plaintiff recognizes and ackowledges the rule against admissibility of parol evidence to alter the provisions of an authentic act, but contends that plaintiff's allegations of fraud permit the introduction of parol evidence in this case to prove that the defendant did not pay for the property. The fraud alleged is to the effect that plaintiff and his concubine interposed the concubine as the purchaser so that title to the property would stand in the concubine's name to defraud plaintiff's lawful children by a lawful marriage with some other woman of their lawful inheritance rights. My understanding of the law is as applied to this case that plaintiff's children have no right of inheritance from him while plaintiff is living. Besides, this plaintiff has no authority or cause or right to bring such an action on behalf of or for the benefit of his children to protect whatever inheritance may come into existence to them after his death. What they might do after his death is not the issue here. Therefore, the allegation of fraud consists of mere words without legal import.
"The [L.S.A.] Civil Code in Article 2276 provides that `Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.'
"The case of Ceromi v. Harris [187 La. 701], 175 So. 462, says that `* * parol evidence is inadmissible to create a title in one who never owned the property or to show that the vendee was in reality some other person than the person named in the act of sale.' Also, in the case of Woolgar v. La Coste [D.C.], 69 F.Supp. 571, it was held that `Under Louisiana law parol evidence is inadmissible to put title to real estate in one to whom title has not been transferred by deed, though as attorney in fact he negotiated the transfer to buyer named in the deed and paid the purchase price.'
"Authorities on this subject are legion, including Franz v. Mohr [La. App.], 4 So. (2) 584; Hamill v. Moore [194 La. 486], 193 So. 715; Carter

*508 Loeber [177 La. 444], 148 So. 673; Hodge v. Hodge [151 La. 612], 92 So. 134; Baker v. Baker [La.App.], 21 So. (2) 514, and the authorities cited in Ceromi v. Harris, Supra.
"In addition to these things we cannot lose sight of the fact that at the time of this transaction in 1947, and for seven years before and six years after that time it is freely and frankly admitted that this plaintiff and this defendant were openly living together in an unlawful union without the benefit of clergy. If it were fraud to have the title made from the owner of the property to plaintiff's concubine as the purchaser, then the plaintiff practiced and engaged in the fraud against nobody but himself. If the deed in defendant's name is a simulation as between these parties it is a direct result of their own immoral relationship. Where their immorality and dishonesty have placed the property this Court will entertain no issue now raised by them or by either one of them alone to displace it. No rights of innocent, defrauded creditors or forced heirs are involved or sought to be preserved. There is no fraud against plaintiff in such a transaction as this. If he paid the purchase price and, for convenience, or for any other reason sufficient to him at the time, had the name of his concubine inserted as the true purchaser and she executed the deed as such, he knew about it; it was wilfully and intentionally done by his own design about which he made no complaint until after their parting of the ways. Their immoral relationship was the consideration. Moral turpitude was present. Courts are not now open to this plaintiff to correct any mistake he made, if he made any.
"The Courts will lend no assistance to either party. In the case of Simpson v. Normand [51 La.Ann. 1355], 26 So. 266, it was said, quoting from another decision: `When the taint (concubinage) exists, it affects fatally, in all its parts, the entire body of the contract * * * Where there is turpitude the law will help neither party.'
"See Viens v. Brickle, 8 Mart. (O.S.) 11; Succession of Pereuilhet, 23 La. Ann. 294.
"All I have said here with respect to the main demand applies equally to the alternative demands. The petition fails to make any allegation to form valid grounds for a cause or right of action and the exceptions will be maintained."
The Louisiana Courts have repeatedly declared that every suitor who seeks relief at their hands must himself be free from any unlawful or inequitable conduct with respect to the matter or transaction. Rhodes v. Miller, 189 La. 288, 179 So. 430. This rule, referred to in equity as the rule of "clean hands", has sometimes been relaxed when public policy so requires. However, in the instant case we are not concerned with public policy. Here the petitioner, by formal admission in his petition, placed the property in the name of his concubine in a deliberate attempt to defraud his forced heirs out of their rights of inheritance to the subject property. The fraud was known to petitioner at the time of its inception, as a matter of fact, he instigated it. Had no difficulties arisen between petitioner and defendant terminating in their divorce, it appears this action would never have been commenced.
We do not believe that the petitioner may now use the Courts to correct a fraud instigated by petitioner himself. Any remedy is to his forced heirs at the proper time.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.