KNOLL, Judge.
This appeal concerns a mutual fault separation, as provided by LSA-C.C. Art. 141, and its effect on LSA-C.C. Art. 156 which provides that the party against whom a separation is pronounced loses all the advantages or donations the other party conferred during the marriage.
Mary Lillian Yarbro Robinson appeals the trial court’s ruling that certain immovable property in Rapides Parish was community property by virtue of her donation during marriage of a one-half interest to her husband, Elsa A1 Robinson, even though the property was her separate property prior to marriage and both spouses were found mutually at fault in the judgment of separation. The trial court ruled that Article 156 was inapplicable because the Robinsons were mutually at fault and the legislature’s subsequent enactment of LSA-C.C. Art. 2343.1 empowered a spouse to convey to the other spouse during marriage a thing that forms part of the trans-feror’s separate property, with the stipulation that the thing shall be part of the community. We amend and affirm.
FACTS
Mrs. Robinson was first married to Mr. Glass for 35 to 40 years. (The record does not show the exact number of years.) This marriage ended with Mr. Glass’ death. Mrs. Robinson and Mildred M. Glass, her daughter from her first marriage, inherited certain immovable property in Rapides Parish from the estate of Mr. Glass. Mrs. Robinson owned a two-thirds interest and her daughter owned the remaining one-third.
Mrs. Robinson then married Mr. Robinson on October 31, 1981. On May 7, 1982, approximately six months after her marriage to Mr. Robinson, Mrs. Robinson donated a one-third interest in the Rapides Parish property to Mr. Robinson, specifically providing that the donation was made in consideration of the love she had for Mr. Robinson and that by virtue of the donation the property would comprise community property between them. Mr. and Mrs. Robinson physically separated on January 31, 1985, and were granted a legal separation on December 30, 1985, which decreed that both parties were mutually at fault. That judgment was not appealed and is final.
On April 30, 1986, Mrs. Robinson filed a petition to judicially partition the community property, and particularly asked the court to declare her interest in the immovable property in Rapides Parish her separate property. In the detailed descriptive list Mrs. Robinson filed she did not designate the Rapides Parish property as a community asset, contending that pursuant to Article 156 the donation of a one-third interest to Mr. Robinson during her marriage to him was null and void because he was at fault in causing the legal separation. *220 Though Mr. Robinson never traversed Mrs. Robinson’s detailed descriptive list, and never filed a detailed descriptive list of his own, he maintained that the land in Rap-ides Parish was community property as the result of the donation made to him by Mrs. Robinson.
On September 26, 1986, the trial court signed a judgment which declared that the Rapides Parish property was community property by virtue of the interspousal donation.
CIVIL CODE ARTICLE 156
Mrs. Robinson contends that since Mr. Robinson was not free from fault the trial court should have revoked the interspousal donation pursuant to Article 156. We agree.
Article 156 provides:
“In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose instance the separation has been obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made.”
In summarizing her position Mrs. Robinson states:
“Article 156 has been used extensively [in pre-mutual fault separation jurisprudence] by courts to determine the effectiveness of donations made by one spouse to another, when the donating spouse has subsequently obtained a divorce or separation based on the fault of the donee spouse.
In Vaughn v. Coco, 409 So.2d 282 (La.App. 1st Cir.1982), the former husband sued to have a one-half interest recognized in the former community. The wife had donated a one-half interest in her separate property during the course of the marriage to the husband, but then had obtained a divorce based on the husband’s adultery. The court, applying Article 156, held that Article 156 was self-operative, and when Mrs. Vaughn obtained the Judgment of Divorce, the property automatically reverted back to its original status, i.e. became the property of Mrs. Vaughn.
In Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (La.1956), the husband bought a diamond ring with community funds, gave it to his wife, and the wife argued that the ring was her separate property. The court stated that, since the Judgement of Separation from bed and board was in the husband’s favor, the gift was revoked, citing Article 156.
In Fertel v. Fertel, 148 So.2d 853 (La.App. 4th Cir.1962), writ refused 244 La. 133, 150 So.2d 589 [1963], the husband had purchased certain real estate prior to his marriage (separate property) and had donated a one-half interest to his wife during the marriage. Later during the marriage, the wife obtained a Judgment of Separation. The court, quoting Article 156, stated that because the wife obtained the Judgment of Separation, the trial court properly pronounced the donation of the wife back to the husband to be a nullity, thus the property was one-half the wife’s.
******
Louisiana Civil Code Article 141, allowing mutual fault separation, was added by Acts 1976 of the Louisiana Legislature. Article 156 obviously predates that legislative pronouncement. So, obviously, the redactors of Article 156 contemplated that a separation would be ‘pronounced’ against one party or the other, the losing party necessarily having been declared at fault. If that losing party also had made or received a donation during the marriage, his or her fault meant he or she would lose the advantage of that donation.”
In interpreting the effect Article 156 has upon a mutual fault separation, we turn to the following Civil Code Articles:
Article 9.
“When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be *221 applied as written and no further interpretation may be made in search of the intent of the legislature.”
Article 10.
“When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.”
The provisions of Article 156 are clear. The only ambiguity which surfaces is as a result of the legislative creation of “mutual fault” separations subsequent to the enactment of Article 156.
It is clear, however, that the redactors did not intend a donee/spouse who is found at fault to benefit because of a spousal donation made during the marriage. In such a case the legislature intended that the status quo which existed prior to the donation be maintained. As pointed out by Mrs. Robinson in her brief, such an interpretation is harmonious with other pertinent legislation:
“The fault issue regarding a spouse seeking to take advantage of legal rights conferred during the course of a marriage has always been the determining factor. For example, Civil Code Article 160 provides alimony after divorce only if the spouse seeking that ‘advantage’ (to quote Article 156) has been free from fault. The fault vel non of the other spouse [the donor spouse] is not relevant. Our law clearly puts the burden on the spouse seeking an advantage of his marriage contract to be free from fault. Mr. Robinson was not free from fault."
Though a mutual fault separation was not in effect when Article 156 was enacted, we find that as long as the transferee can be shown to have been at fault, Article 156 is applicable. Therefore, since Mr. Robinson was mutually at fault he is not entitled to benefit from the donation his wife made during their marriage.
Although our research reveals no state jurisprudence interpreting the interplay of Articles 141 and 156, we find that this issue was squarely addressed in In Re Hendrick, 45 B.R. 965 (Bkrtcy.1985). There Judge Wesley W. Steen found that the husband’s gifts to the wife during marriage were not her separate property because pursuant to Article 156 they would be revoked since the divorce was granted on account of mutual fault. Id. at 970.
We find the trial court’s reliance on Civil Code Article 2343.1 misplaced. Article 2343.1 has nothing to do with the revocation of spousal donations; rather, the purpose of this article is to allow such donations which heretofore were prohibited. See LSA-C.C. Art. 1751 (1870). Therefore, even though Article 2343.1 allows the donation, Article 156 addresses the issue of whether or not the donation shall be revoked by operation of law.
For the foregoing reasons, the judgment of the trial court is amended to delete the Rapides Parish immovable property as an item of community property. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed to Elsa A1 Robinson.
AFFIRMED AS AMENDED AND RENDERED.