593 So.2d 454 (1992)
Linda Gayle Hawn FARGERSON, Plaintiff-Appellee,
v.
Shirley Gene FARGERSON, Defendant-Appellant.
No. 23167-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
Writ Denied April 3, 1992.
*455 James D. Hall, Bossier City, for defendant-appellant.
Sockrider, Bolin & Anglin by H.F. Sockrider, Jr., Shreveport, for plaintiff-appellee.
Before SEXTON, STEWART and BROWN, JJ.
BROWN, Judge.
Plaintiff, Linda Fargerson, and defendant, Gene Fargerson, were married in 1969. In February 1984 by an authentic act termed a donation, they divided the community property. Thus, the community property became the separate property of the spouse to whom it was transferred. In March 1984 the parties executed and filed a court approved matrimonial contract establishing a partial separate property regime where only property acquired in their joint names would form their community estate.
In 1986 Mrs. Fargerson obtained a legal separation based on mutual fault but later that same year the parties reconciled. On June 14, 1990 Mrs. Fargerson once more obtained a legal separation based on mutual fault and sought to have the 1984 property exchange revoked pursuant to LSA-C.C. Art. 156. The trial court set aside the 1984 property exchange declaring that it was a donation and thus revoked by operation of law because both parties were at fault. Therefore, the property which had been separately administered since 1984 was returned to the community of acquets and gains.
Defendant appeals this judgment. The sole issue presented is whether the mutual fault judgment of June 14, 1990 revoked the 1984 property exchange/donation. Determining that Art. 156 is inapplicable to the circumstances of the instant case, we reverse.

DISCUSSION
Both plaintiff and defendant agree that the reconciliation in 1986 did not affect the previous exchange/donation of property nor the continuation of the separate property regime. Further, both parties agree that the matrimonial contract of 1984 establishing the separate property regime is valid and applicable to these proceedings. The issue is whether the finding of mutual fault revoked and set aside the property exchange/donation under Art. 156.
Former LSA-C.C. Art. 156 provided as follows:
In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose *456 instance the separation has been obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made. (emphasis added)
(This article was repealed by Acts 1990, No. 1009, § 9, effective January 1, 1991.)
The trial court found that the 1984 exchange of community property was a donation. In holding that the "donation" between the parties was revoked pursuant to Art. 156, the trial court relied on Robinson v. Robinson, 524 So.2d 218 (La.App. 3d Cir.1988), writ denied, 531 So.2d 480 (La. 1988). In Robinson, a wife gratuitously donated to her second husband a one-half interest in property she obtained by virtue of her first marriage. Following a legal separation which decreed both parties mutually at fault, the wife sought to revoke the donation and have the property returned to her separate estate. The Third Circuit concluded that, where there is mutual fault, all donations or advantages conferred by marriage are revoked by operation of law because a party must be free from fault to retain any advantage from the marriage. The court found that "(t)hough a mutual fault separation was not in effect when Article 156 was enacted, we find that as long as the transferee can be shown to have been at fault, Article 156 is applicable". See also Succession of Moran, 535 So.2d 369 (La.1988).
Former LSA-C.C. Art. 141 which provided for mutual fault separations was enacted long after Art. 156. (This article was vacated by Acts 1990, No. 1009, § 2, effective January 1, 1991.) Recognizing its oversight, the legislature overruled Robinson by amending LSA-C.C. Art. 141 and stating that Art. 156 would not apply to mutual fault separations. (Acts 1990, No. 99, § 1, effective September 7, 1990). Art. 156 was enacted prior to the law providing for mutual fault separations and intended to apply only when one party was found to be at fault. A reading of Art. 156 demonstrates its inapplicability to mutual fault separations by particularly providing that the spouse who obtained the separation would preserve all advantages. This would not be possible under Robinson. Thus, we decline to follow Robinson and find that the transfer between the parties was not subject to revocation pursuant to Article 156.
Further, in examining the 1984 document we find that although styled a donation it more accurately reflected a partition of community property. LSA-C.C. Art. 2336 provides in part that during the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part. In such a case, the things acquired by each spouse are their separate property. Based upon the language of this article, a partition of community property between these parties would have been a valid and binding contract at the time it was executed in 1984. Pursuant to LSA-C.C. Art. 2341 things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime form the separate estate of that spouse.
To further substantiate the parties' intent to partition the community property, they executed and filed a court approved matrimonial agreement establishing a partial separate property regime. Thereafter, the parties remained separate in property. In short, the nature of this contract must be determined by the intent of the parties and not solely by reliance upon the title given to the document. A reading of this document and a review of the surrounding circumstances establish that the intent of these parties was to enter into a voluntary partition of community property rather than make mutual donations. Because we find that this document was a partition and not a donation, Art. 156 would not apply.

DECREE
For these reasons, the judgment of the trial court in favor of plaintiff is hereby REVERSED at plaintiff's costs.
SEXTON, J., concurs.