jaWHIPPLE, Judge.
This appeal concerns the applicability of LSA-C.C. art. 156 (now repealed), which provided that the party against whom a separation was pronounced lost all the advantages or donations the other party conferred during the marriage, to a mutual fault separation based on LSA-C.C. art. 141 (now repealed). Defendant appeals the trial court’s judgment declaring plaintiff to be the owner of certain real estate and improvements thereon, which he had donated to defendant during their marriage. We affirm.
FACTS AND PROCEDURAL HISTORY
Ernest Batiste Casadaban, Jr., plaintiff, and Cheryl Baxter Casadaban, defendant, were married in August, 1979. On March 30, 1990 (during the marriage), the parties executed two authentic acts of sale, in which plaintiff purportedly sold to defendant two pieces of property which comprised part of his separate estate.[1] The two acts of sale were recorded in St. Tammany Parish. On the same day that the acts of sale were executed, the parties also executed two acts of donation involving the same two pieces of property, one being an act of donation and the other an act of donation and assumption of mortgage. In these acts of donation, plaintiff purportedly donated the two pieces of property at issue to defendant. These ’ acts of donation were in authentic form, but were not recorded.
*1232 Subsequently, by judgment dated October 3, 1991, the parties were granted a legal separation and divorce. The judgment included a finding by the trial court that the parties were mutually at fault in causing their separation.[2]
On November 19, 1991, plaintiff filed a petition styled “SUIT FOR DECLARATORY JUDGMENT AND MANDATORY INJUNCTION,” seeking to have | athe acts of sale recognized as simulated sales and donations, and to have the donations thus declared “null and void under the provisions of article 156 of the Civil Code.”[3]
Mrs. Casadaban thereafter filed a motion in limine to exclude any parol evidence to vary the terms of the authentic acts of sale between the parties. The trial court heard arguments on the motion on the morning of trial and took the motion under advisement.
On June 15, 1992, the trial court rendered judgment, declaring that the acts of sale between plaintiff and defendant were simulated sales and donations. The trial court pretermitted the issue of the applicability of LSA-C.C. art. 156 and ordered a continuance on all remaining issues, pending a decision by this court on the issue of defendant’s fault. By judgment dated August 31,1992, the trial court also denied defendant’s motion in li-mine to- exclude parol evidence.
Defendant appealed from these judgments, and in an unpublished opinion, this court affirmed both the judgment denying her motion in limine and the judgment declaring the acts of sale between the parties to be simulated sales and donations. Casadaban v. Casadaban, 632 So.2d 1234 (La.App. 1st Cir. 1993) (unpublished opinion), writ denied, 634 So.2d 375 (La.1994).
Shortly after this court affirmed the trial court’s finding that defendant was also at fault in causing their separation, the parties filed cross motions for summary judgment on the issue of whether LSA-C.C. art. 156 applied to revoke the donations made by plaintiff to defendant during their marriage. A hearing on the cross motions for summary judgment was held on June 2, 1993. The trial court concluded that LSA-C.C. art. 156 applied to the instant Lease to revoke the donations. Accordingly, on June 22, 1993, the trial court rendered judgment granting Mr. Casadaban’s motion for summary judgment, denying Mrs. Casadaban’s motion for summary judgment and declaring Mr. Casa-daban to be the owner of the property he had donated to her during their marriage.
From this judgment, defendant appeals, assigning the following as error: (1) the trial court erred in not dismissing plaintiffs suit based on equity, and (2) the trial court erred in revoking the donations based on former Civil Code article 156.
SUMMARY JUDGMENT
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
*1233 Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
ASSIGNMENT OF ERROR NO. 1
Defendant contends that on the basis of equity, plaintiff should not be allowed to invoke judicial action to set aside a sale which he instigated to avoid a potential creditor. In support of this contention, defendant cites Dipuma v. Dipuma, 136 So.2d 505 (La. App. 1st Cir.1961). In Dipuma, the plaintiff had the title to property purchased from a third party placed in the name of his concubine, in an attempt to defraud his forced heirs. The parties | slater married and eventually divorced. Thereafter, plaintiff filed suit to be recognized as the owner of the property; however, his suit was dismissed on the basis that plaintiff could not use the courts to correct a fraud which he had instigated. Dipuma, 136 So.2d at 508. Mrs. Casadaban contends that the same equitable argument should be applied in the present ease. We disagree.
Equity applies only when there is no express or positive law governing. LSA-C.C. art. 4; Mayor and Council of City of Morgan City v. Jesse J. Fontenot, Inc., 460 So.2d 685, 688 (La.App. 1st Cir.1984). Where the rights of parties are provided for by express law, equity may not intervene. Curlee v. Curlee, 567 So.2d 1166, 1168 (La.App. 3rd Cir.1990). LSA-C.C. art. 156 is positive law which governs the revocation of donations between spouses upon obtaining a judgment of separation. The only question in this appeal is whether the provisions of former LSA-C.C. art. 156 applied to the facts of this case, and thus, automatically revoked the donations at issue. See Vaughn v. Coco, 409 So.2d 282, 285 (La.App. 1st Cir.1981).
Accordingly, defendant’s contention that this court should rely on equity is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant contends that the trial court erred in concluding that the donations made to her by plaintiff were revoked pursuant to LSA-C.C. art. 156, arguing that art. 156 does not apply to mutual fault separations. The facts of this ease are not in dispute, and, in fact, the trial court’s determination that the transfers at issue were actually donations is now final and definitive.
Thus, the only issue that remains is a legal question: whether the provisions of LSA-C.C. art. 156 operate to revoke, by operation of law, donations made by one spouse to another, where the parties are determined to be mutually at fault in causing the separation. If LSA-C.C. art. 156 applies to revoke donations based upon the mutual fault of the parties, plaintiff must prevail; if it is inapplicable, defendant must prevail.
| (¡Former LSA-C.C. art. 156, which was repealed effective January 1, 1991, by Acts 1990, No. 1009, provided as follows:
In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose instance the separation has been obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made. (Emphasis added.)
Louisiana Civil Code article 141, which provided for separations based upon mutual fault and which was also repealed effective January 1,1991, was added by Acts 1976, No. 495 of the Louisiana Legislature. Civil Code article 156 predated Civil Code article 141, and thus, preceded the concept of mutual fault separations. Two circuits have addressed the issue of the interplay of Articles 156 and 141.
In Robinson v. Robinson, 524 So.2d 218, 220 (La.App. 3rd Cir.), writ denied, 531 So.2d 480 (La.1988), the Third Circuit Court of Appeal held that although a mutual fault separation was not in effect when LSA-C.C. *1234 art. 166 was enacted, article 156 still applied to revoke a donation as long as the transferee, or donee, was shown to have been at fault.
In 1992, the Second Circuit Court of Appeal, in Fargerson v. Fargerson, 593 So.2d 454 (La.App. 2nd Cir.), writ denied, 595 So.2d 659 (La.1992), disagreed with the Third Circuit’s analysis of the applicability of LSA-C.C. art. 156 to mutual fault separations.[4] The court noted that effective September 7, 1990, in recognition of its oversight and in an attempt to overrule Robinson, the Legislature amended LSA-C.C. art. 141 to state that LSA-C.C. art. 156 would not apply to mutual fault separations.[5] wThus, the Second Circuit reasoned, LSA-C.C. art. 156 was intended to apply only when one party was found to be at fault.
However, we are persuaded by the analysis of the Third Circuit in Robinson and likewise conclude that LSA-C.C. art. 156, prior to the 1990 amendment to LSA-C.C. art. 141, applied to mutual fault separations. As successfully noted by the appellant in Robinson, “[t]he fault issue [regarding] a spouse seeking to take advantage of legal rights conferred during the course of a marriage has always been the determining factor.” For example, alimony after divorce is available to the party seeking that “advantage” only if that party has been free from fault. The fault of the other spouse is irrelevant. Robinson, 524 So.2d at 221. Thus, it follows that pursuant to article 156, a donation would be revoked as long as the donee can be shown to have been at fault. Robinson, 524 So.2d at 221.
Moreover, while not specifically ruling on the issue of the applicability of LSA-C.C. art. 156 to mutual fault separations, the Louisiana Supreme Court in Larocca v. Larocca, 597 So.2d 1000, 1004 (La.1992), stated, as follows:
Prior to the recent repeal of La.C.C. art. 156, effective September 7, 1990 for mutually at fault spouses and January 1, 1991 for all spouses, the party at fault in a judicial separation lost all advantages and donations conferred by a marriage contract or made during the marriage.... The spouse found to be at fault in the separation or divorce judgment (before September 7, 1990) lost any advantages and donations previously made by the other spouse in contemplation of or during the marriage.... (Emphasis added; footnote omitted).
We believe that this is further support for the view that LSA-C.C. art. 156 applied to mutual fault separations prior to the 1990 amendment to LSA-C.C. art. 141 which specifically stated that article 156 would not apply to mutual fault separations.
Because all of the pertinent events giving rise to the | «.judgment of separation herein occurred prior to the effective date of the 1990 amendment of LSA-C.C. art. 141 (September 7, 1990), we find no error in the trial court’s conclusion that LSA-C.C. art. 156 applied to automatically revoke the donations plaintiff made to defendant during their marriage. Because defendant was mutually at fault in causing the separation, she is not entitled to benefit from the donations her husband made during their marriage. See Robinson, 524 So.2d at 221.
CONCLUSION
For the foregoing reasons, the June 22, 1993, judgment of the trial court, denying defendant’s motion for summary judgment, granting plaintiffs motion for summary judg *1235 ment and declaring plaintiff to be the owner of certain immovable property donated to defendant during their marriage, is affirmed. Costs of this appeal are assessed against defendant, Cheryl Baxter Casadaban.
AFFIRMED.

. Mr. Casadaban acquired the property in question from his father prior to his marriage to Mrs. Casadaban. The property contained certain improvements, including a home which Mr. Casa-daban built prior to his marriage to Mrs. Casada-ban. The parties lived in this home after their marriage.

. Mrs. Casadaban appealed the trial court’s finding of fault on her part. The judgment was affirmed hy this court in Casadaban v. Casada-ban, 621 So.2d 209 (La.App. 1st Cir.1993) (unpublished opinion).

. LSA-C.C. art. 156, which was repealed by Acts 1990, No. 1009, Section 9, effective January 1, 1991, provided as follows:
In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose instance the separation has been obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made.

. While the court in Fargerson discussed the applicability of LSA-C.C. art. 156 to mutual fault separations, that discussion is dicta inasmuch as the court found the transfer in question was, in fact, a partition of community properly, rather than a donation. Fargerson, 593 So.2d at 456.

. Prior to the 1990 amendment, LSA-C.C. art. 141 provided as follows:
A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.
The 1990 amendment, which was in effect from September 7, 1990 through December 31, 1990, added the following sentence:
“Moreover, the provisions of Article 156 do not apply.”
Acts 1990, No. 99, § 1, (effective September 7, 1990). Acts 1991, No. 367, § 4, repealed Acts 1990, No. 99, effective January 1, 1991.