# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1414

**GENE SMART, ET AL.**

**VERSUS**

**GOLD, WEEMS, BRUSER, SUES &
RUNDELL, ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,539
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

**Chad A. Dudley
1300 Millerville Road
Baton Rouge, LA   70816-1231
(225) 272-5300
COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Gene Smart
Priscilla Babin**

**Richard C. Stanley
William M. Ross
Stanley, Flanagan & Reuter, L.L.C.
909 Poydras, Suite 2500
New Orleans, LA   70112
(504) 523-1580
COUNSEL FOR DEFENDANT/APPELLEE:**
**James Ogden Middleton, II**

**Michael John O'Shee**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA   71301**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Raymond L. Brown, Jr.**
     **Henry B. Bruser, III**
     **Gold, Weems, Bruser, Sues, &Rundell, L.L.C.**
     **Robert G. Nida**
     **Kenneth Odrie Ortego**
     **Randall M. Seeser**
     **Michael John O'Shee**
     **Randall Lee Wilmore**
     **Samuel Newman Poole, Jr.**
     **Dorrell Jarrell Brister**
     **Peggy Dean St. John**
     **Gregory Brian Upton**
     **Eugene Joseph Sues**
     **Charles Stovall Weems, III**
     **Edward E. Rundell**

**James P. Roy**
**Domengeaux, Wright, Roy & Edwards, L.L.C.**
**Post Office Box 3668**
**Lafayette, LA   70502**
**(337) 233-3033**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Raymond L. Brown, Jr.**
     **Henry B. Bruser, III**
     **Gold, Weems, Bruser, Sues, &Rundell, L.L.C.**
     **Robert G. Nida**
     **Kenneth Odrie Ortego**
     **Randall M. Seeser**
     **Michael John O'Shee**
     **Randall Lee Wilmore**
     **Samuel Newman Poole, Jr.**
     **Dorrell Jarrell Brister**
     **Peggy Dean St. John**
     **Gregory Brian Upton**
     **Eugene Joseph Sues**
     **Charles Stovall Weems, III**
     **Edward E. Rundell**

AMY, Judge.

The plaintiffs filed a class action, on behalf of themselves and others who obtained representation from an attorney at the defendant law firm, alleging that they were over-billed for legal services. The attorney, the firm, and the firm's directors were named as defendants. An exception of vagueness filed on behalf of the firm and its directors was granted. After an attempt to amend the petition was unsuccessful, the trial court granted a second exception of vagueness and dismissed the petition as to the firm and its directors. The trial court subsequently denied the attorney's exception of vagueness. The plaintiffs appeal. In a consolidated writ application, the attorney contends that since the petition makes the same claims against him as the other defendants, his exception of vagueness should have been granted. For the following reasons, we affirm the granting of the exception of vagueness and reverse the denial of the attorney's exception of vagueness. We remand this matter with instructions.

## Factual and Procedural Background

The plaintiffs, Gene Smart and Priscilla Babin, filed a "Class Action Petition" on their own behalf, and on behalf of others similarly situated, wherein they alleged that they retained "The Gold Firm" to provide legal representation for their individual legal needs and that attorney J. Ogden Middleton, II was assigned to handle their representation. The plaintiffs asserted that they were "over-billed for said representation" and alleged breach of contract and unjust enrichment. Among the damages sought was "restitution and refund of all monies paid for said legal services, plus interest hereon." In addition to Mr. Middleton, the plaintiffs named "Gold, Weems, Bruser, Sues & Rundell (A Professional Law Corporation)," "Gold. Weems,

Bruser, Sues & Rundell, LLC," and individual attorneys who the plaintiffs alleged served as directors of the firm.

The firm[1] and the directors, other than Mr. Middleton, filed a dilatory exception of vagueness, noting that the plaintiffs failed to allege whether there was a separate contractual relationship with all or some of the individual directors or with the firm and/or the limited liability corporation. The exception also cited a lack of particularity in describing any alleged deceptive or misleading representations and a lack of designation of which director the plaintiffs alleged to have made such a misrepresentation.

The trial court granted the exception of vagueness and ordered the plaintiffs to "amend their petition to state all material facts relating to each specific claim of each plaintiff against each separate, individually named defendant and each separate corporate entity on whose behalf the Exception of Vagueness is filed[.]" The trial court ordered that the plaintiffs amend the petition within thirty days.

The plaintiffs filed two amending petitions, the latter of which was accepted as the applicable petition for the court's consideration. The plaintiffs alleged that they contracted for legal representation from the law firm of "Gold, Weems, Bruser, Sues & Rundell P.L.C." The suit was brought on behalf of all those similarly situated who contracted for legal representation "from the law firm of Gold, Weems, Bruser, Sues & Rundell P.L.C. and/or Gold, Weems, Bruser, Sues & Rundell L.L.C. and who were over-billed for said representation." These entities and the individual attorneys allegedly serving as directors of the firm were named as defendants.

---

[1] In its exception of vagueness, the firm appeared as Gold, Weems, Bruser, Sues & Rundell, A Professional Law Corporation ("Gold Law Firm") and Gold, Weems, Bruser, Sues & Rundell, L.L.C. ("Gold L.L.C.").

The firm and the directors, other than Mr. Middleton, again filed a dilatory exception of vagueness, asserting that the amended petition failed to cure the deficiencies and, thereby, failed to comply with the trial court's order. Following a hearing, the trial court granted the exception of vagueness and ordered that due to the plaintiffs' failure to amend as required by the original judgment, all claims against Gold, Weems, Bruser, Sues & Rundell, A Professional Law Corporation, Gold, Weems, Bruser, Sues & Rundell, L.L.C. and the directors, other than Mr. Middleton, be dismissed without prejudice and at the plaintiffs' cost.

Mr. Middleton subsequently filed an exception of vagueness. He argued that, because "any allegations that would suggest liability on the part of Mr. Middleton are directed to at least one of the dismissed defendants and, thus, already have been deemed vague by the Court. There would [be] no reason, therefore, to rule differently on the vagueness issue with respect to Mr. Middleton." The trial court denied Mr. Middleton's exception.

The plaintiffs appeal the granting of the exception and assign the following as error:

A.   The trial court erred in granting defendants' Exception of Vagueness.

B.   The trial court erred in dismissing plaintiffs' claims against defendants based on a finding that plaintiffs' First Supplemental and Amending Class Action Petition was vague.

Mr. Middleton filed an application for supervisory writs, wherein he advances the following assignments of error:

A.   The district court erred by denying Mr. Middleton's exception of vagueness, thereby relieving the plaintiffs of their duty to plead any factual allegations in support of their claims.

3

B. The district court erred by entering inconsistent judgments on identical exceptions of vagueness, essentially finding that the same allegations in support of the same causes of action somehow are vague as to the Gold Firm, but are not vague as to Mr. Middleton.

C. The district court erred by denying Mr. Middleton's exception of improper cumulation of actions, or alternatively, failing to defer judgment on the exception pending resolution of the issue of class certification.

The appeal and the writ application have been consolidated for review.[2]

**Discussion**

*The Plaintiffs' Appeal - Granting of the Exception of Vagueness*

The plaintiffs question the determination that the petition is vague. They argue that it is sufficient insofar as it alleges that they individually hired the Gold Law Firm to represent them for their specific family law needs, and that this work was either not performed or resulted in over-billing. As for the firm's directors, the plaintiffs point out that they alleged that the firm's course of conduct was performed with the knowledge and/or consent and that these directors benefitted from the practices. These facts, the plaintiffs argue, provide sufficient information to the defendants to begin their defense insofar as they can examine their files and billing statements and prepare their defense. Further, they contend that this information sufficiently permits the identification of the parties, the cause of action, and the thing demanded so as to potentially invoke the doctrine of res judicata.

Louisiana Code of Civil Procedure Article 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the

---

[2] For disposition of the writ application, see the companion case reported at *Gene Smart, et al. v. Gold, Weems, Bruser, Sues & Rundell, et al.*, CW06-1331 (La.App. 3 Cir. _/_/07), _ So.2d _.

4

litigation[.]" Furthermore, with regard to the form of a pleading, La.Code Civ.P. art. 854 provides:

No technical forms of pleading are required.

All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

The purpose of the dilatory exception of vagueness, which is provided for by La.Code Civ.P. art. 926, is to place a defendant on notice of the nature of the facts sought to be established and, thus, enable him or her to identify the cause of action and prevent its future re-litigation after a judgment is obtained. *Snoddy v. City of Marksville*, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. *See also Thomas v. Sonic*, 06-0014 (La.App. 1 Cir. 11/3/06), _ So.2d _. However, the exception does not permit the defendant to demand exactitude and detail beyond what is necessary for the above purposes. *Snoddy*, 702 So.2d 890. An exception of vagueness will be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars for the defendant to be able to prepare his or her defense. *Id.*

Review of the plaintiffs' petition reveals no error in the trial court's granting of the exception of vagueness in favor of the firm and its individual directors. Rather than advancing material facts of the transaction or occurrence that is the subject matter of the litigation, as is required by La.Code Civ.P. art. 891, the petition advances the broadest of allegations, *i.e.*, that the plaintiff contracted with the firm and that they were either over-billed or billed for representation that did not occur. Rather than alleging material facts crucial to the transaction/occurrence, the petition attempts to substitute general allegations for these necessary, material facts. The

5

plaintiffs contend that the required information is in the possession of the firm and its individual directors. However, requiring the defendants to produce its files, billing statements, and client contracts in these circumstances and for this type of broad allegation would essentially require these defendants to sustain the burden of disproving the case brought against them.[3]

Neither do we find error in the trial court's dismissal of the plaintiffs' claims against the firm and its directors. Louisiana Code of Civil Procedure Article 933 provides:

> A.    If the dilatory exception pleading want of amicable demand is sustained, the judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.
>
> B.    When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.

The record indicates that the trial court's procedure in dismissing the plaintiffs' claims was consistent with Article 933. After the first exception of vagueness was granted, the trial court ordered amendment of the petition to remove the defects. Only after that order was not sufficiently satisfied and, upon a second exception of

---

[3]    We note here too, that we find no merit in the plaintiffs' assertion that *McLin v. Department of Highways of the State*, 68 So.2d 136 (La.App. 1 Cir. 1953) is controlling in this case. The plaintiffs contend that the case stands for the proposition that "an exception of vagueness should never be sustained when the information can be secured through discovery, or when the defendant are in a better position to furnish the information requested from the plaintiff." Instead, the above point is listed in the opinion as an assignment of error from the plaintiff in that case. In *McLin*, which addressed a now-repealed discovery statute applicable in workers' compensation cases, the first circuit affirmed the granting of the exception of vagueness. In fact, the court confirmed that "[i]t is elementary that in all law suits the plaintiff should inform the defendant of all material facts so that he may properly prepare his defense." *Id.* at 137.

vagueness did the trial court dismiss the plaintiff's claim. We note, too, that the plaintiff's claim was dismissed without prejudice.

*Application for Supervisory Writs - Denial of the Exception of Vagueness*

In his application for supervisory writs, Mr. Middleton contends that in light of its determination that the petition was vague as to the firm and the other directors, the trial court erred in denying his subsequently filed exception of vagueness. He asserts that the allegations as to him are identical to those made against the other defendants and, thus, they are vague as to him as well.

We reject the assertion that the petition's allegations regarding Mr. Middleton are identical to those lodged against the firm and the other directors. The petition alleges that Mr. Middleton was the attorney "assigned" to the named plaintiffs' cases and that they each met with him. The petition also alleges that:

> As a result of the deceptive and misleading representations made by Ogden Middleton and the Gold Law Firm P.L.C., including but not limited to representations concerning work that was being performed, the necessity of said work, and the amount of time required to complete said work, plaintiffs and other members of the Class continued to pay for legal services which were not being performed; and/or were over-billed for work that was performed.

This statement is directed toward Mr. Middleton, not the other directors of the firm, and is more targeted as to an actor than the general allegation similarly made against the "Gold Law Firm P.L.C." Having said this, however, it is apparent that the petition is insufficient under La.Code Civ.P. art. 891, as again, it is does not contain material *facts* of the transaction or occurrence that is the subject matter of the litigation. Rather, it merely contains the *allegation* of misrepresentation and over-billing. In short, the petition lacks sufficient substantial particulars which would permit Mr. Middleton to appropriately prepare his defense. *See Thomas*, _ So.2d _.

7

Accordingly, we reverse the trial court's denial of Mr. Middleton's exception of vagueness and remand this matter to the trial court with instructions to enter judgment granting the exception of vagueness in compliance with La.Code Civ.P. art. 933(B).

Although Mr. Middleton requests that the claims against him be dismissed, such a dismissal is premature absent an opportunity to amend the petition. Since the original exception was filed by the firm and the other directors, the trial court ordered that the plaintiffs amend their petition "to state all material facts relating to each specific claim of each plaintiff against each separate, individually named defendant and each separate corporate entity *on whose behalf the Exception of Vagueness was filed*." Mr. Middleton did not join in the exception to which the judgment was referring. Furthermore, La.Code Civ.P. art. 933(B) anticipates that "the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception *shall be dismissed only for a noncompliance with this order*." (Emphasis added.) Thus, dismissal of the claim against Mr. Middleton is premature prior to an opportunity to amend, which, upon remand, the trial court is ordered to provide in accordance with Article 933(B). Only in the event of the plaintiffs' failure to comply with that order will dismissal of the claim against Mr. Middleton be appropriate.

In his final assignment of error, Mr. Middleton contests the denial of his exception of improper cumulation of actions. We note that, as this matter was filed as a class action, the prerequisites for a class action provided in La.Code Civ.P. art. 591 may be applicable in this instance, rather than La.Code Civ.P. art. 463,[4] which

---

[4] Article 463 provides:

Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

is applicable to cumulation of individual actions. In any event, and due to our determination that the petition lacks adequate material facts stemming from the cause of action, we conclude that resolution of this exception is premature at this point in the proceedings. Accordingly, we reverse the denial of the exception of improper cumulation of actions and instruct the trial court to reserve consideration of this dilatory exception until the pleadings are sufficiently developed.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment granting the exception of vagueness and dismissing the plaintiffs' suit against Gold, Weems, Bruser, Sues & Rundell, A Professional Law Corporation, Gold, Weems, Bruser, Sues & Rundell, L.L.C., Dorrell J. Brister, Raymond L. Brown, Jr., Henry B. Bruser, III, Robert G. Nida, Kenneth O. Ortego, Michael J. O'Shee, Sam N. Poole, Jr., Edward E. Rundell, Randall M. Seeser, Peggy Dean St. John, Eugene J. Sues, Gregory B. Upton, Charles S. Weems, III, and Randall L. Wilmore. Costs of this proceeding are assessed against the plaintiffs, Gene Smart and Priscilla Babin.

**AFFIRMED.**

---

(1)     There is a community of interest between the parties joined;

(2)     Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

(3)     All of the actions cumulated are mutually consistent and employ the same form of procedure.

Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

9